Estate of Lawrence: Egan, Appellant, v. Heirs of Platten, Respondents.

*February 4—March 3, 1964.*

For the appellant there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *T. H. Skemp*.

For the respondents there was a brief by *Herrick & Sigl* of Eau Claire, and oral argument by *Duane Herrick*.

GORDON, J.   Mrs. Lawrence's will was construed by the trial court to have vested in Mildred Platten, a stepchild of the testatrix's sister, the right to receive the sum of $1,500, even though Mildred Platten did not survive the life beneficiary under the will. In order to reach such result, it was necessary for the trial court to conclude that the provision of the will in favor of Mildred Platten became vested at the

death of the testatrix. The trial court further concluded that, "The only thing that remained upon the death of the testatrix was the postponement of the enjoyment of the legacy. Survival was not specifically required as there was no provision in the will requiring survival."

The clause of the will that is in question creates a life interest in Lizzie Ledbetter, a sister of the testatrix, and a remainder to two designated nieces, with the following appendage:

". . . but with this proviso, that they shall pay $1500.00 to Orda O. Fox and $1500.00 to Mildred Platten."

The terms of the will say nothing about lapse or survival, and, accordingly, we are obliged to construe the language of the instrument to determine whether Mildred Platten's heirs can enjoy her interest even though Mildred Platten did not survive the life beneficiary. We are, of course, in search of the intentions of the testatrix. Her desires can only be gleaned from the words she used in her will.

From the text of the clause in question we see that the distribution to Lizzie Ledbetter and the two nieces is by way of a bequest; however, the provision in favor of the two stepchildren is by way of a direction to pay. The distinction between a bequest and a direction to pay would probably not be meaningful to the typical testator. However, when we are obliged to struggle with a circumstance which was in all likelihood not in the immediate thoughts of the testatrix (here, the death of Mildred Platten prior to that of Lizzie Ledbetter), we are compelled to find meaning and distinction in the nuances of language variations which were actually used by the testatrix.

Judge LEARNED HAND addressed himself to the problem of words with this expression: ". . . words are chameleons, which reflect the color of their environment." *Commissioner of Internal Revenue v. National Carbide Corp.* (2d Cir. 1948), 167 Fed. (2d) 304, 306.

A direction to pay is not intrinsically a means of distribution which must automatically foreclose vesting. Nevertheless, when used in the same paragraph as a distribution which is in terms of a bequest, we consider that proper construction may warrant a differentiation of results. In *Benner v. Mauer* (1907), 133 Wis. 325, 334, 113 N. W. 663, Mr. Justice MARSHALL said:

"The rule that, nothing appearing convincingly to the contrary, the presumption is that a bequest takes effect and vests absolutely in point of right at the death of the testator (*Scott v. West*, 63 Wis. 529, 24 N. W. 161, 25 N. W. 18), is displaced by the rule that a bequest in the form of a direction to divide between and distribute to specified persons vests in those *in esse* answering to the description at the appointed time for division and distribution."

The direction to pay in this case has a quality of futurity which is not so readily found in a direct bequest. Here, the words of the will are fairly to be construed to constitute a direction to pay at a future time, and we interpret the gift as future and not immediate. In other words, the distribution to Mildred Platten is contingent and not vested. Simes and Smith, The Law of Future Interests (2d ed.), p. 43, sec. 593.

We conclude that Mrs. Lawrence, the testatrix, intended that upon the death of her sister, Lizzie Ledbetter (the life beneficiary), the residue was to pass to two named nieces who were obliged, as a condition of their taking, to pay over the sum of $1,500 to Mildred Platten if the latter survived the life beneficiary. Based on the language employed by her, we hold that Mrs. Lawrence did not intend that Mildred Platten's heirs would succeed to the right to such $1,500 unless Mildred Platten survived Lizzie Ledbetter.

The matter must be remanded to the county court with instructions to enter an order consistent with this opinion.

*By the Court.*—Orders reversed, and cause remanded.