Rodney J. DZIADOSZ, Individually and as Personal Representative of the Estate of Sharis A. Dziadosz, deceased, Scott Dziadosz, Kathleen Dziadosz and Leonard Dziadosz, Plaintiffs-Appellants,†

v.

Joseph ZIRNESKI, M.D., and Wisconsin Health Care Liability Insurance Plan, a Wisconsin corporation, Defendants-Respondents.

Court of Appeals

*No. 92–2085. Submitted on briefs February 26, 1993.—Decided May 5, 1993.*

(Also reported in 501 N.W.2d 828.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Gregory R. Wright* of *Gregory R. Wright Law Offices* of Montello.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Steven C. Zach* of *Boardman, Suhr, Curry & Field* of Madison.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   Rodney J., Scott, Kathleen and Leonard Dziadosz (the Dziadosz children) appeal from an order granting partial summary judgment and dismissing their claims seeking damages for the loss of society and companionship of their mother, who died as the result of alleged medical negligence. The issue posed is whether an adult child has a cause of action for the loss of society and companionship of the mother in a medical malpractice action governed by ch. 655, Stats. Because we conclude that an adult child may not bring a claim for loss of society and companionship in a medical malpractice action under ch. 655, we affirm.

The complaint of the Dziadosz children makes the following allegations.On December 31, 1988, sixty-two-year-old Sharis A. Dziadosz entered the emergency room at Berlin Memorial Hospital complaining of abdominal pain. Dr. Joseph Zirneski, the attending physician, diagnosed her as having cystitis. He prescribed antibiotics and discharged Sharis shortly thereafter. Several hours later Sharis died as the result of a ruptured abdominal aortic aneurism.

A medical malpractice action was brought against Dr. Zirneski and his insurer, Wisconsin Health Care Liability Insurance Plan, on behalf of Sharis' estate by her son Rodney, and individually by Rodney and his siblings, Scott, Kathleen and Leonard. At the time of Sharis' death, she was a widow and all of her children were adults. The children's lawsuit claimed damages due to the loss of society and companionship of their mother.

Dr. Zirneski and Wisconsin Health filed a motion for partial summary judgment, seeking dismissal of the Dziadosz children's claims for loss of society and companionship. The trial court held that the complaint did not state a claim upon which relief may be granted

because adult children are barred from seeking damages for loss of society and companionship in a medical malpractice action governed by ch. 655, Stats. Accordingly, the court granted the motion for partial summary judgment.

The appellants argue that in a medical malpractice action governed by ch. 655, Stats., adult children may bring a claim under sec. 895.04, Stats., for the loss of society and companionship of their widowed mother who died as the result of alleged medical negligence. Whether a claim for relief exists is a question of law which an appellate court decides independently without deference to the trial court, and by taking facts stated in the complaint as true. *Koestler v. Pollard,* 162 Wis. 2d 797, 802, 471 N.W.2d 7, 9 (1991). Deciding whether the Dziadosz children have stated claims involves the interpretation of sec. 895.04 and ch. 655 and their application to the facts stated. This also is a question of law which we review independently. *Hobl v. Lord,* 162 Wis. 2d 226, 233, 470 N.W.2d 265, 268, *cert. denied,* 112 S. Ct. 440 (1991).

Section 895.04(2), Stats., specifically provides that a wrongful death action may be brought by the children of the deceased regardless of age if the deceased has no surviving minor children or spouse. However, in *Rineck v. Johnson,* 155 Wis. 2d 659, 671, 456 N.W.2d 336, 342 (1990), *cert. denied,* 498 U.S. 1068 (1991), our supreme court recognized that ch. 655, Stats., controls all claims for death or injury resulting from medical malpractice. The court held that ch. 655 incorporates by specific reference an exclusive list of those extrinsic statutory provisions that the legislature intended to apply in medical malpractice actions. *Rineck,* 155 Wis.

2d at 666–67, 456 N.W.2d at 340. As the court explained: "We do not believe that the legislature would have taken pains to specifically refer to particular statutes . . . if it intended to incorporate without mention other miscellaneous general provisions, such as sec. 895.04(4)." *Rineck*, 155 Wis. 2d at 667, 456 N.W.2d at 340. The court further explained that "by singling out medical malpractice claims in such a manner, the legislature intended to set medical malpractice cases involving death apart from other death cases to which the general wrongful death statute applies." *Id.* at 671, 456 N.W.2d at 342. Because sec. 895.04 has not been included in ch. 655 by specific reference, we conclude that it is not applicable in medical malpractice actions.

The Dziadosz children argue that sec. 895.04, Stats., is nevertheless applicable if it does not conflict with ch. 655, Stats. This argument is an attempt to distinguish the holding of *Rineck* based upon its specific facts. In *Rineck*, the issue of whether sec. 895.04 or ch. 655 applied was important because their limits on the amount of total damages directly conflicted with one another. However, we find nothing in the court's holding which indicates that statutory provisions outside of ch. 655 are applicable in medical malpractice actions on the condition that they do not conflict with ch. 655. The language of the court's holding in *Rineck* is clear and concise: Chapter 655 governing medical malpractice actions precludes from application those statutory provisions not expressly referred to in that chapter. *See Rineck,* 155 Wis. 2d at 666–67, 456 N.W.2d at 340.

Our attention then focuses upon the circumstances in which one can bring an action for malpractice, subject to the provisions of ch. 655, Stats. Because the

Dziadosz children allege damages due to the loss of society and companionship, we look to the common law addressing parents' and children's rights to bring such claims.

The first Wisconsin malpractice case allowing damages for the loss of society and companionship in a parent/child relationship was *Shockley v. Prier,* 66 Wis. 2d 394, 225 N.W.2d 495 (1975). In *Shockley,* our supreme court allowed the parents to recover for the loss of society and companionship of their infant son due to negligently inflicted injuries. *Id.* at 401, 225 N.W.2d at 499. The court limited the parents' recovery to compensate only for the loss during their child's minority. *Id.*

In *Theama v. City of Kenosha,* 117 Wis. 2d 508, 344 N.W.2d 513 (1984), our supreme court extended the right of recovery to the minor children of a parent who was injured due to the negligent treatment of a physician. *Id.* at 519–20, 344 N.W.2d at 518. Again, the court limited the children's recovery for the loss they would suffer during their minority, reasoning that a child who is a minor is most likely to be severely affected by a negligent injury to the parent. *Id.* at 527, 344 N.W.2d at 522. In *Rineck,* the court then extended this rule to situations involving the death of one parent. *Rineck,* 155 Wis. 2d at 671, 456 N.W.2d at 342.

Most recently, this court held that a parent did not have the right to recover for the loss of society and companionship of an adult child who died as a result of medical malpractice. *In re Wells,* 174 Wis. 2d 503, 497 N.W.2d 779 (Ct. App. 1993). Referring to *Shockley, Theama* and *Rineck,* we stated that

> [t]he pattern of the aforementioned cases is clear. The supreme court now allows various claims for

loss of society and companionship where the individual claiming recovery is alleging that *either the victim or the one being affected by the injury is a minor child*. As the intermediate appellate court, it is not within our power to alter and expand upon that which the supreme court has previously decided. Rather, our function is to see that there was no error in the application of the law by the trial court.

*Id.* at 512, 497 N.W.2d at 783 (emphasis added).

The Dziadosz children argue that *Rineck* limits the right of a child to recover for the loss of society and companionship to the child's minority only where there is a surviving spouse. Again, we find no support for their argument. While the court in *Rineck* dealt with a situation in which a minor child had the right to recover where a surviving spouse existed, this in no way implies that an adult child has the right to recover for loss of society and companionship provided no surviving spouse exists. Following *Theama,* the court limited the right to recover to the child's minority because the minor is the one whose relationship is most likely to be affected by the negligent injury or death of a parent. *Rineck,* 155 Wis. 2d at 671–72, 456 N.W.2d at 342. Consistent with *Theama, Rineck* and *Wells*, we find no reason to now extend a cause of action for loss of society and companionship to the adult children of the deceased. Accordingly, we find that the adult children of Sharis Dziadosz do not have a cause of action for the loss of society and companionship of their mother.

*By the Court.*—Order affirmed.