IN the MATTER OF the ESTATE OF Charles E. BALSON,
Deceased:

Donna SPATT and Diana Webber, Appellants,

v.

David C. BALSON, Respondent.

Court of Appeals

*No. 93–1627. Submitted on briefs December 28,
1993.—Decided March 2, 1994.*

(Also reported in 515 N.W.2d 474.)

On behalf of the appellants, the cause was submitted on the briefs of *Walter W. Bush* of Oshkosh.

On behalf of the respondent, the cause was submitted on the brief of *Jonathan Cermele* of *Sager, Pavlick & Wirtz, S.C.* of Fond du Lac.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.  A ruling of the probate court permitted David C. Balson to disclaim his remainder interest to certain real estate created by the will of his father, Charles E. Balson. As a result, the court permitted David to share in the distribution of the disclaimed property pursuant to a residuary clause in the will. The probate court also awarded David, as the prevailing party, his attorney's fees and costs. Donna Spatt and

Diana Webber, two of David's sisters, appeal these rulings.

We affirm the probate court's ruling that David's disclaimer was timely made pursuant to § 853.40(4)(b), STATS. However, we reverse the probate court's order distributing the property. We also reverse the court's award of costs and fees to David. We remand for further proceedings as to the distribution of the disclaimed property.

## FACTS

The facts are not disputed. Charles E. Balson died on September 17, 1978, survived by his wife, Neitah, and four children. Charles' will created a life estate in favor of Neitah in the homestead. This devise was accompanied by the following language:

> with remainder to my son, DAVID C. BALSON, subject, however, to the following provision: That at the time of my wife's death, DAVID shall pay to my daughters, DONNA M. SPATT and DIANA M. WEBBER, to each the sum of Fifty Thousand Dollars ($50,000.00). . . .

Charles' will also included a residuary clause which awarded the residue of his estate in equal shares to his four children (David, the two appellant daughters and a third daughter).

Charles' will was admitted to probate and a final judgment was entered on June 12, 1979. Pursuant to the will, the judgment granted Neitah a life estate in the homestead and further assigned the remainder to David subject to the payments to the two sisters.

Neitah died on January 24, 1992. Based upon appraisal information, David concluded that the value of the homestead property was not worth the $100,000

34

he was required to pay the appellant sisters. Therefore, on August 3, 1992, David filed a disclaimer of his remainder interest, expressly invoking the provisions of Wisconsin's disclaimer statute, § 853.40, STATS. In conjunction with his disclaimer, David also filed a petition for construction of Charles' will, contending that the will was ambiguous as to disposition of the property in the event of disclaimer.

The appellant sisters opposed David's disclaimer and his request for construction of the will. They argued that David's interest had vested as of the time of Charles' death and, as a result, David's disclaimer was untimely pursuant to § 853.40(4)(b), STATS. Thus, the appellant sisters contended that the terms of Charles' will as confirmed in the final judgment in Charles' estate should be enforced.

The probate court ruled that David's disclaimer was valid and timely. Since Charles had not made any provision for disposition of David's remainder interest in the event of a disclaimer, the court further concluded that the will was ambiguous as to the disposition of the property. Accordingly, the court directed that the property be distributed to Charles' four children in equal shares pursuant to the residuary clause of Charles' will. The two sisters appeal.

## DISCUSSION

### Standard of Review

■

This case concerns undisputed facts which we must apply to the disclaimer statute. This exercise presents a question of law which we review de novo. *See Dziadosz v. Zirneski*, 177 Wis. 2d 59, 62, 501 N.W.2d 828, 829 (Ct. App. 1993).

## The Disclaimer Statute Generally

Charles' will created a remainder future interest in David's favor. Therefore, we begin our discussion by generally addressing the scheme of § 853.40, STATS., the disclaimer statute, as it pertains to the disclaimer of a future interest.

In subsec. (2), the statute recognizes the right of a beneficiary under a will, inter alia, to disclaim any property or interest in property, including "contingent or future interests."[1] Section 853.40(2), STATS.

In subsec. (4)(b), the statute sets out the time deadline for disclaimer of a future interest. This provision of the statute is critical to this case and we recite the relevant portion:

> *Disclaiming a future interest.* An instrument disclaiming a future interest shall be executed and · delivered not later than 9 months after the event that determines that the taker of the property or interest *is finally ascertained and his or her interest indefeasibly fixed.* . . .[2] [Emphasis added.]

Section 853.40(4)(b), STATS.

In subsec. (6)(c), the statute addresses the effect of a disclaimer of a future interest:

---

[1] The disclaimer statute also provides that its remedies are not exclusive. Section 853.40(8), STATS. A person retains the right to disclaim "under any other statute, the common law or as provided in the creating instrument." *Id.* Here, as noted, David's written disclaimer was expressly invoked under the statute.

[2] This subsection also authorizes the probate court to extend the time deadline "for cause shown." Section 853.40(4)(b), STATS.

36

*Future interest.* Unless the instrument creating the future interest manifests a contrary intent, a future interest to take effect in possession or enjoyment after the termination of the interest which is disclaimed takes effect as if the disclaimant had predeceased the deceased transferor of the property. . . .

Section 853.40(6)(c), STATS.

## The Statutory History

Wisconsin's disclaimer statute, § 853.40, STATS., was drafted by a special committee of the Real Property, Probate and Trust Law Section of the State Bar of Wisconsin. *See* Summary of bill attached to drafting request for Senate Substitute Amendment 1 to 1977 S.B. 585, *Wisconsin Disclaimer of Transfers Under Nontestamentary Instruments Act and Wisconsin Disclaimer of Transfers by Will, Intestacy or Appointment Act*, 1977 S.B. 585. This statute reflected many of the changes recommended in the UNIFORM DISCLAIMER OF PROPERTY INTERESTS ACT by the National Conference of Commissioners on Uniform State Laws. *Id.* Thus, we look to the history of the uniform law for assistance on the question before us.

This history reveals that the uniform law addressed, in part, the recently enacted Tax Reform Act of 1976, which was, in turn, a response to the disclaimer case decided by the federal court of appeals in *Keinath v. Commissioner*, 480 F.2d 57 (8th Cir. 1973), *overruled by Jewett v. Commissioner*, 455 U.S. 305 (1982). In *Keinath*, the testator created a life estate in a trust for the benefit of his surviving wife with the

37

remainder to a son.[3] If the son predeceased the life beneficiary, the deceased son's share was to be distributed to his children per stirpes. Nineteen years after his father's death and six months after his mother's death, the son disclaimed his remainder interest. The state probate court held that the disclaimer was filed within the "reasonable time" requirements of the applicable state law. Thus, the court assigned the remainder interest to the disclaimant's children pursuant to the trust instrument. *Id.* at 59-60.

Armed with this ruling, the Commissioner of Internal Revenue took the position that the disclaimer constituted a taxable gift event to the disclaimant's children. The Commissioner argued that, even if the disclaimer complied with local law, the disclaimer was not otherwise made within the "reasonable time" requirements of the applicable tax regulation. The tax court agreed. *Id.* at 60.

On appeal, the Court of Appeals for the Eighth Circuit reversed. The court noted that under applicable state law, the "reasonable time" period did not commence until "the interest has been indefeasibly fixed both in quality and quantity." *Id.* at 63. The court reasoned that "[a] remainder subject to divestment does not convey or transfer any actual control or current beneficial interest in property to the remainderman." *Id.* at 64. The court concluded:

> Thus a contingent remainderman or a remainderman subject to divestiture can wait until what would ordinarily be the death of the life tenant or beneficiary, which indefeasibly fixes the quality and

---

[3] Actually, the remainder was assigned to two sons. However, one son predeceased the life tenant and that son's remainder interest was not at issue.

> quantity of the estate, before he would be put to the decision to accept or reject.

*Id.* at 63.

However, in the Tax Reform Act of 1976, Congress overruled *Keinath* by enacting 26 U.S.C. § 2518 which requires disclaimers by an adult to be made within nine months of the creation of the interest disclaimed. The purpose of the enactment was to impose a uniform tax treatment for such situations, independent of state law. *See* H.R. REP. NO. 1380, 94th Cong., 2d Sess. 65-67 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3419-21. Thus, for purposes of estate, gift, and generation-skipping tax purposes, a transfer is considered to have been made "upon the date of the decedent's death with respect to testamentary transfers." *Id.* at 3421. *See also* 26 U.S.C. § 2518(b)(2)(A).

Against this backdrop, the National Conference of Commissioners on Uniform State Laws considered the formulation of the new UNIFORM DISCLAIMER OF PROP-ERTY INTERESTS ACT. The uniform law eventually adopted includes the language which presently constitutes Wisconsin's disclaimer of future interests statute, § 853.40(4)(b), STATS. However, the uniform law also includes language which recognizes the separate type of disclaimer required by the Tax Reform Act of 1976. This language is not included in the Wisconsin statute. This added language in the uniform law states:

> However, . . . as to a transfer creating an interest in the disclaimant made after December 31, 1976, and subject to tax under chapter 11, 12, or 13 of the Internal Revenue Code of 1954, as amended, a dis-claimer intended as a qualified disclaimer thereunder must specifically so state and must be delivered not later than 9 months after the later of

39

the date the transfer is made or the day on which the person disclaiming attains age 21.

UNIFORM DISCLAIMER OF TRANSFERS BY WILL, INTESTACY OR APPOINTMENT ACT § 2(a), 8A U.L.A. 169 (1978).
The comment to this section states:

> *Time for Making Disclaimer*: . . . Section 2 fixes a definite time for making a disclaimer *but also fixes an alternative time for making a qualified disclaimer under Federal tax law.* . . .. In the case of future interests the disclaimer period should run from the time the takers of the interest are finally ascertained and their interests indefeasibly fixed both in quantity and in quality (Seifner v. Weller, 171 S.W.2d 617 (Mo., 1943), *except where the intention to effect a qualified disclaimer under Federal tax law requires otherwise).* . . .. [Emphasis added.]

*Id.* at 169-70. The comment's reference to the *Seifner* case is particularly telling and informative to the key issue on this appeal which asks when the future interest is "indefeasibly fixed" such that the clock starts running on the time for disclaimer. *Seifner*, like *Keinath*, holds that for purposes of state law, the time for disclaimer commences with the death of the life beneficiary. *Seifner*, 171 S.W.2d at 622-23.[4]

---

[4] The example recited in the comment confirms this interpretation:

> [I]f T dies in 1980 and his will leaves his estate to A for life, remainder to B if he survives A, a "qualified" disclaimer by B would apparently have to be made within 9 months of the death of T. The Act incorporates the time requirement of Section 2518 only if T dies after 1976 and B intends his disclaimer to be effective for Federal tax purposes. *The Act permits a disclaimer by B within 9 months after the death of A to be effective for property law purposes even though it may not be effective for Federal tax purposes.* [Emphasis added.]

Thus, the drafters of the uniform law created two mechanisms for disclaimer, each serving different purposes and each using a different event as starting the disclaimer clock running.

We now turn to the Wisconsin law. As we have noted, Wisconsin's disclaimer statute, § 853.40, STATS., was modeled after the uniform act. And the language with which we are concerned here, § 853.40(4)(b), virtually mirrors the uniform law language that a disclaimer of a future interest must be made "not later than 9 months after the event that determines that the taker of the property or interest is finally ascertained and his or her interest indefeasibly vested." 8A U.L.A. at 169.[5]

UNIFORM DISCLAIMER OF TRANSFERS BY WILL, INTESTACY OR APPOINTMENT ACT § 2 cmt., 8A U.L.A. 170 (1978).

[5] The only difference between these provisions is that § 853.40(4)(b), STATS., uses the term "indefeasibly *fixed*" whereas the uniform law uses the phrase "indefeasibly *vested*." We see no basis for distinguishing the terms for purposes of disclaimer law. As one commentator has noted:

> The phrase "indefeasibly fixed both in quality and in quantity" is intended to gear the commencement of the . . . period to a time when the existence and extent of the disclaimant's interest are fully established and defined. The word "fixed" is employed rather than "vested" to avoid the lack of precision in meaning which the term "vested" involves.

*Disclaimer of Testamentary and Nontestamentary Dispositions—Suggestions for Model Acts,* 4 REAL PROP., PROB. & TR. J. 658, 665 (1969).

Moreover, despite the uniform law's use of the term "vested," the comments to the uniform law establish that the future interest "vests" for purposes of disclaimer law at the death of the life tenant beneficiary. Since "fixed" is a more concrete term, it follows that the remainderman's interest is "fixed" at the same time.

41

A court may consider the official and published comments of the drafters of a uniform law as an aid in determining the meaning of an ambiguous provision of a uniform law. 2B NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 52.05, at 225 (5th ed. rev. vol. 1992). Here, any ambiguity as to when a future interest is "vested" or "fixed" within the meaning of the disclaimer statute is resolved by reference to the published comments accompanying the uniform law. These materials clearly demonstrate that, except for a tax-related "qualified disclaimer," the nine-month time limit for disclaimer commences with the death of the life tenant or life beneficiary. We adopt this construction for purposes of Wisconsin's disclaimer law.[6]

Therefore, we uphold the probate court's ruling that David's disclaimer of his remainder interest under Charles' will was timely.

## DEVOLUTION OF THE DISCLAIMED PROPERTY

We now turn to the probate court's further ruling distributing the disclaimed property pursuant to the residuary clause of Charles' will. The court concluded

We also observe that it is not necessary for us to declare the classification of David's remainder interest pursuant to § 700.05, STATS. Such a discussion, while of scholastic interest, is not relevant for disclaimer purposes. *See Cottrell v. Commissioner,* 628 F.2d 1127, 1130 & n.3 (8th Cir. 1980).

[6] Although we do not see it as significant to the issue in this case, we note that Wisconsin's disclaimer statute, § 853.40(4) (b), STATS., does not include that added language of the uniform law recognizing the "qualified disclaimer" procedure and the stricter time limit deadlines for purposes of federal tax law.

42

that Charles' will was ambiguous regarding the distribution of the property because the will did not address a disclaimer contingency. The appellant sisters contend that this ruling is erroneous because it overlooks § 853.40(6)(c), STATS., which governs the devolution of a disclaimed future interest.[7] We agree.

Section 853.40(6)(c), STATS., provides, in relevant part, "Unless the instrument creating the future interest manifests a contrary intent, a future interest . . . which is disclaimed takes effect as if the disclaimant had predeceased the deceased transferor of the property. . . ." Neither the probate court's bench decision nor its ensuing written findings, order and judgment addresses or discusses this subsection of the disclaimer statute.[8] Therefore, for purposes of this appeal, we must reverse, at least for the moment, the trial court's determination that the property passes under the residuary clause.

While we reverse this aspect of the probate court's ruling, we reject the appellant sisters' contention that we can resolve the distribution question under the dis-

[7] We note that the parties' oral arguments at the various proceedings concerning this matter did not significantly focus the probate court on this subsection of the statute. However, the parties' written briefs did address this provision with some prominence.

[8] Instead, the probate court focused on two decisions which the parties cited besides the statute: *Qualley v. Zimmerman*, 231 Wis. 341, 285 N.W. 735 (1939), and *Estate of Lawrence*, 22 Wis. 2d 624, 126 N.W.2d 517 (1964). In light of David's invocation of § 853.40, STATS., as the basis for his disclaimer, we do not see these cases as particularly helpful on the issue. Rather, as our analysis has indicated, we see the statute and its legislative history as the more informative authority.

43

claimer statute as a matter of law on appeal. To the contrary, we see important questions remaining regarding the application and effect of the statute's devolution provision. These, we conclude, must be first addressed and answered at the probate court level. For this reason, we are compelled to remand this case for further proceedings regarding the devolution of the disclaimed property under § 853.40(6)(c), STATS.

Two such questions which occur to us are: (1) assuming arguendo that the probate court correctly determined that Charles' will was ambiguous, does such ambiguity translate into the "contrary intent" under the statute such that the property should not be distributed as if David predeceased Charles?; and (2) regardless of ambiguity, does Charles' residuary clause manifest such "contrary intent" under the statute? There may well be further questions and issues which the parties or the probate court may see on this matter. We remand for a full and complete exploration of the devolution issue in this case, including the taking of evidence if the probate court deems it appropriate and necessary.[9]

---

[9] Following these proceedings, the probate court's distribution of the property may be the same or different from that appealed. Our decision reversing the court's ruling should not be construed by either party or the court as any signal that the effect of the distribution order appealed was necessarily right or wrong. Our remand is simply to assure that the distribution of the disclaimed property, whatever it may be, is premised on a full consideration of the applicable law.

## ATTORNEY'S FEES

In light of our ruling, the probate court's award to David as the prevailing party of attorney's fees pursuant to § 879.37, STATS., and costs pursuant to § 879.33, STATS., must also be reversed. Obviously, the court may revisit this question upon request by the party which prevails at the proceedings on remand.

We also reject the appellant sisters' contention that David's arguments in the probate court were frivolous. We do so on alternative grounds. First, the frivolousness issue is inadequately briefed. *See In re Balkus*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 (Ct. App. 1985). Second, we have agreed with David's threshold position that his disclaimer was timely. Our limited reversal is premised on the trial court's failure to consider the distribution of the property under the applicable statute, a shortcoming which we do not directly attribute to David. Whether David or the appellant sisters will prevail on the distribution question remains to be seen. And even if David's argument fails, it does not necessarily follow that his legal stance on the question was frivolous.

Costs are denied to both parties.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded.