Delores HOFFMAN, Indiv. and as Special Administrator of the Estate of Richard Hoffman (Deceased), Plaintiff-Respondent,†

v.

MEMORIAL HOSPITAL OF IOWA COUNTY and Wisconsin Patients Compensation Fund, Defendants,

Everett R. LINDSEY, M.D. and Timothy A. Correll, M.D., Defendants-Appellants.

Court of Appeals

*No. 94–2490. Submitted on briefs June 13, 1995.—Decided August 24, 1995.*

(Also reported in 538 N.W.2d 627.)

†Petition to review denied.

506

For the defendants-appellants the cause was submitted on the briefs of *Steven C. Zach* of *Boardman, Suhr, Curry & Field* of Madison, and *Jeanne M. Armstrong* of *Bell, Metzner, Gierhart & Moore* of Madison,

and *Stephen O. Murray* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Sean N. Duffey* of *Schulz & Duffey, S.C.* of Milwaukee and *Robert A. Pretto* of Madison.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.   We granted Doctors Everett R. Lindsey and Timothy A. Correll's petition for leave to appeal a trial court order denying their motions for a change of venue. Section 808.03(2), STATS. The court concluded that § 655.009(3), STATS.,[1] determines venue in actions against health care providers. It further concluded that § 801.52, STATS.,[2] which provides for a discretionary change of venue, was inapplicable to those actions. Because we conclude that § 801.52 is applicable to actions against health care providers, we reverse and remand with directions that the trial court may exercise its discretion under § 801.52 to determine venue in this case.

## BACKGROUND

Delores Hoffman sued Doctors Lindsey and Correll, Memorial Hospital of Iowa County and Wisconsin

---

[1] Section 655.009(3), STATS., provides:

> Venue in a court action under this chapter is in the county where the claimant resides if the claimant is a resident of this state, or in a county specified in s. 801.50(2)(a) or (c) if the claimant is not a resident of this state.

[2] Section 801.52, STATS., provides:

> The court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses.

Patients Compensation Fund, alleging that their negligent medical care caused the death of her husband, Richard Hoffman. Although her cause of action arose in Iowa County, she commenced her suit in Dane County because she lives there. The doctors moved under § 801.52, STATS., to change venue to Iowa County, alleging that they, the nurses who cared for Richard Hoffman, and other hospital personnel would be inconvenienced by having to travel to Madison for a trial. The trial court denied their motion because it concluded that § 655.009(3), STATS., did not provide for a discretionary venue change and, therefore, § 801.52 was inapplicable to actions against health care providers.

## VENUE

Because this case is decided by our interpretation of statutes, a matter which is a question of law, we review the trial court's decision *de novo. State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). Section 801.50, STATS., is the general venue statute used to determine the place of trial. However, § 801.50(2) states, "Except as otherwise provided by statute," indicating that § 801.50 is not the only venue statute. The 1983 Judicial Council Committee's Note to § 801.50 identifies a list of some thirty-four separate venue statutes, including § 655.009, STATS.[3] Hoffman asserts that because § 655.009(3) provides otherwise, and fails to include a discretionary change of venue provision, discretionary changes of venue are not available in actions against

---

[3] The annotation erroneously lists the health care liability and patients compensation venue statute as § 655.19, STATS.

509

health care providers. We view the statutory scheme differently.

In most cases, § 801.50, STATS., determines the venue of a lawsuit. But there are many exceptions to § 801.50, and each one serves as a basis for determining venue in a particular case. Ordinarily, that ends the matter. However, when it is necessary "in the interest of justice" or "for the convenience of the parties or witnesses," § 801.52, STATS., permits a trial court in its discretion to change the venue of an action.

Hoffman argues that this interpretation is incorrect for several reasons. First, she notes that § 801.01(2), STATS., provides that § 801.52, STATS., and all other provisions of chs. 801 to 847, STATS., govern procedure and practice in trial courts "except where different procedure is prescribed by statute or rule." She concludes that § 655.009(3), STATS., constitutes such an exception, and therefore § 801.52 is inapplicable to actions governed by ch. 655, STATS. But this construction is inconsistent with § 801.50, STATS. In our view, the "different procedure" is not ch. 655's *lack* of a discretionary change of venue statute but its provisions *for* venue. In other words, the legislature's failure to insert a discretionary change of venue statute in ch. 655 is not a directive that no discretionary change of venue is available.

Indeed, the legislature has considered this situation. Section 779.20(2), STATS., provides in pertinent part: "In actions appealed from municipal court no change of venue shall be allowed except for prejudice of the judge or of the people." Had the legislature intended that no discretionary change of venue was permitted in actions against health care providers, it

510

would have done as it did in § 779.20. There are many venue statutes and it is difficult to imagine that the legislature intended that in all of them, discretionary venue change was unavailable. A more logical interpretation is that the legislature intended that all venue statutes be subject to § 801.52, STATS., except where otherwise provided.

Hoffman also contends that case law supports her position. She notes that in *Rineck v. Johnson*, 155 Wis. 2d 659, 668, 456 N.W.2d 336, 341 (1990), *cert. denied*, 498 U.S. 1068 (1991), *overruled on other grounds by Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 566, 514 N.W.2d 399, 405 (1994), the supreme court concluded that the limit on damages for society and companionship found in the wrongful death statute, § 895.04(4), STATS., did not apply to medical malpractice actions. There, the court said, "We do not believe that the legislature would have taken pains to specifically refer to particular statutes such as these if it intended to incorporate without mention other miscellaneous general provisions, such as § 895.04(4)." *Id.* at 667, 456 N.W.2d at 340. Hoffman's argument was enhanced by *Dziadosz v. Zirneski*, 177 Wis. 2d 59, 63, 501 N.W.2d 828, 830 (Ct. App. 1993), where we said: "The language of the court's holding in *Rineck* is clear and concise: Chapter 655 governing medical malpractice actions precludes from application those statutory provisions not expressly referred to in that chapter. *See Rineck*, 155 Wis. 2d at 666-67, 456 N.W.2d at 340."

The supreme court followed *Rineck* in *Jelinek v. St. Paul Fire & Casualty Ins. Co.*, 182 Wis. 2d 1, 512 N.W.2d 764 (1994). The court quoted *Rineck*, noting: "Chapter 655 sets tort claims produced by medical malpractice apart from other tort claims, and parties are conclusively presumed to be bound by the provisions of

the chapter regardless of injury or death." *Id.* at 9, 512 N.W.2d at 767 (quoting *Rineck,* 155 Wis. 2d at 665, 456 N.W.2d at 339).

But *Rineck, Dziadosz* and *Jelinek* were followed by *Estate of Wells v. Mount Sinai Medical Ctr.,* 183 Wis. 2d 667, 515 N.W.2d 705 (1994), where the supreme court considered whether it should extend recovery rights to the parents of negligently injured *adult* children, expanding the court's earlier decision to permit parents of negligently injured *minor* children to recover damages for the loss of their children's society and companionship. *Wells* was a medical malpractice action. Accordingly, the provisions of ch. 655, STATS., seemed to be applicable. But the court said:

> Because petitioner alleges that Wells's injuries resulted from medical malpractice, her loss of society and companionship claim is governed by Chapter 655. Unfortunately, Chapter 655 is silent with respect to who can maintain such a claim, and under what conditions.
>
> . . . .
> This lack of statutory guidance does not, however, prevent this court from acting. As we explained in *Shockley,* the rules against recovery for loss of society and companionship were created by the courts, and it is our responsibility, as much as it is the legislature's, to continue to shape this area of the law.

*Id.* at 674, 515 N.W.2d at 708 (citation and footnote omitted).

Had the supreme court interpreted *Rineck* as it did in *Jelinek* and as we did in *Dziadosz,* it would have concluded that the legislature's silence in ch. 655, STATS., on the question of recovery for injury to adult children meant that the legislature intended that the

plaintiff could not recover. But the court did not choose that avenue. Instead, it reasoned that the legislature's silence in ch. 655 did not prevent the court from acting.

It is not possible to reconcile *Dziadosz's* view of *Rineck* with *Wells*. *Wells, Jelinek* and *Rineck* are supreme court cases. When decisions of the supreme court appear to be inconsistent, we follow that court's most recent case. *Betthauser v. Medical Protective Co.*, 164 Wis. 2d 343, 350, 474 N.W.2d 783, 786 (Ct. App. 1991), *aff'd*, 172 Wis. 2d 141, 493 N.W.2d 40 (1992). That case is *Wells*.

Hoffman attempts to distinguish *Wells* by noting that it involved a common law claim, which the court, having created, was free to change, while § 655.009(3), STATS., is a legislatively created provision, not susceptible to judicial amendment. But there are two problems with this argument. First, § 751.12, STATS., permits the supreme court to promulgate rules of pleading, practice and procedure in Wisconsin's courts. The issue of venue in Wisconsin courts relates to practice and procedure. Indeed, the supreme court adopted § 261.04, STATS., 1943, pertaining to changes of venue, effective July 1, 1942. *See* 239 Wis. v, vi (1942). Thus, Hoffman's assertion that the venue provision found in § 655.009(3) is legislative and therefore not subject to judicial revision is not correct. *Wells* cannot be distinguished on the basis of the legislative history of § 655.009(3).

Second, like the rules against recovery for loss of society and companionship at issue in *Wells*, the doctrine of *forum non conveniens* is a common law doctrine. The Judicial Council Committee's Note to 1983 Wis. Act 228, § 10 reads: "[Section 801.52, STATS.,] permits the court to apply traditional *forum non con-*

513

*veniens* principles to requests for discretionary change of venue." *Wells* cannot be distinguished on a perceived distinction between the origin of rules against recovery for loss of society and companionship of adult children and the origin of § 801.52.

If we accept the view that ch. 655, STATS., is self-contained, subject to no outside rules of practice and procedure, there would be no discovery, summary judgment, or amendment of pleadings in medical malpractice cases because ch. 655 does not mention these procedures. Hoffman argues that these procedures are permitted in medical malpractice actions because they are not inconsistent with ch. 655. But, as we have already explained, § 801.52, STATS., is not inconsistent with § 655.009(3), STATS., either.

Hoffman contends that we should disregard the trial court's decision even if we conclude that it is error because the doctors' substantial rights have not been affected. Section 805.18(1), STATS. But this is an interlocutory appeal. We do not know whether the doctors' rights have been substantially affected. Nor will the trial court have to make this determination, because we remand this case to the trial court to determine whether to grant Doctors Lindsey and Correll's motions for a change of venue under § 801.52, STATS.

*By the Court.*—Order reversed and cause remanded with directions.