Susan L. ANDERSON, Thomas R. Anderson and Patricia A. McNaughton, Plaintiffs,

v.

WESTFIELD INSURANCE COMPANY, Defendant.

No. 01–C–0608–C.

United States District Court, W.D. Wisconsin.

April 15, 2002.

James R. Jansen, Madison, WI, for Plaintiffs.

Michael P. Crooks, Peterson, Johnson & Murray, S.C., Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for monetary relief in which plaintiffs Susan L. Anderson, Thomas R. Anderson and Patricia A. McNaughton are suing defendant Westfield Insurance Company under Wis. Stat. § 895.04 for the wrongful death of their father, Robert D. Anderson. Jurisdiction is present under 28 U.S.C. § 1332.

Presently before the court is defendant's motion for partial summary judgment. Because plaintiffs are eligible to recover loss of society and companionship damages under Wis. Stat. § 895.04(4), defendant's motion for partial summary judgment will be denied.

From the proposed findings of fact and the record, I find the following material facts to be undisputed.

## UNDISPUTED FACTS

Plaintiff Susan L. Anderson resides in Madison, Wisconsin. Plaintiff Thomas R. Anderson resides in Eagle, Wisconsin. Plaintiff Patricia A. McNaughton resides in San Diego, California. Defendant Westfield Insurance Company is an Ohio corporation with its principal place of business in Westfield Center, Ohio.

On July 5, 2001, plaintiffs' father, Robert D. Anderson, was killed in an automobile accident on U.S. Highway 51 in Grant County, Wisconsin. Defendant is the insurer for Dusti Wunderlin, the driver of the other vehicle who negligently caused the accident. Wunderlin was also killed in the accident.

Robert Anderson did not have any children other than plaintiffs, who were already adults at the time of time of his death. Robert Anderson was not survived by a spouse.

## OPINION

■ Defendant contends that plaintiffs, as adult children of the decedent, cannot recover for loss of society and companionship in a wrongful death action under Wisconsin law. Specifically, the parties dispute whether the word "children" in Wis. Stat. § 895.04(4) refers to both adult and minor children (plaintiffs' position) or to minor children only (defendant's position). Defendant concedes that plaintiffs are entitled to bring a wrongful death claim under Wis. Stat. § 895.04(2), *see also Dziadosz v. Zirneski*, 177 Wis.2d 59, 62, 501 N.W.2d 828, 830 (Ct.App.1993) ("Section 895.04(2), Stats., specifically provides that a wrongful death action may be brought by the children of the deceased regardless of age if the deceased has no surviving minor children or spouse."), but argues that plaintiffs are entitled to pecuniary damages only.

Wis. Stat. § 895.04 reads, in part, as follows:

(1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

(2) If the deceased leaves surviving a spouse, and *minor children* under 18 years of age with whose support the deceased was legally charged, the court before whom the action is pending, or if no action is pending, any court of record, in recognition of the duty and responsibility of a parent to support *minor children*, shall determine the amount, if any, to be set aside for the protection of such children after considering the age of *such children*, the amount involved, the capacity and integrity of the surviving spouse, and any other facts or information it may have or receive, and such amount may be impressed by creation of an appropriate lien in favor of *such children* or otherwise protected as circumstances may warrant, but such amount shall not be in excess of 50% of the net amount received after deduction of costs of collection. If there are no such surviving *minor children*, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01 [rules for intestate succession]; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death. A surviving nonresident alien spouse and *minor children* shall be entitled to the benefits of this section. In cases subject to s. 102.29 this subsection shall apply only to the surviving spouse's interest in the

amount recovered. If the amount allocated to any child under this subsection is less than $10,000, s. 807.10 may be applied. Every settlement in wrongful death cases in which the deceased leaves *minor children* under 18 years of age shall be void unless approved by a court of record authorized to act hereunder.

\* \* \* \* \* \*

(4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $500,000 per occurrence in the case of a deceased minor, or $350,000 per occurrence in the case of a deceased adult, for loss of society and companionship may be awarded to the spouse, *children* or parents of the deceased, or to the siblings of the deceased, if the siblings were minors at the time of the death.

Wis. Stat § 895.04 (emphasis added).

### 1. *Case law: wrongful death and adult children*

The parties point to several medical malpractice wrongful death cases in support of their respective positions. Defendant cites *Dziadosz*, 177 Wis.2d. at 59, 501 N.W.2d at 828, and asserts generally that courts do not favor allowing adult children to recover for loss of society and companionship. However, the court in *Dziadosz* held that "[b]ecause sec. 895.04 has not been included in ch. 655 [medical malpractice] by specific reference, we conclude that it is not applicable in medical malpractice actions." *Id.* at 62, 501 N.W.2d at 830. In other words, the adult children in *Dziadosz* were suing for wrongful death in the context of medical malpractice, which is governed by chapter 655 of the Wisconsin statutes, not Wis. Stat. § 895.04. *Id.* at 64, 501 N.W.2d at 830. Plaintiffs cite *Czapinski v. St. Francis Hospital, Inc.*, 236 Wis.2d 316, 613 N.W.2d 120 (2000), arguing that adult children have a right to loss of society and companionship in wrongful death actions unless another statute (such as chapter 655, medical malpractice) is applicable. In *Czapinski*, the Supreme Court of Wisconsin held that in a medical malpractice wrongful death lawsuit, adult children lack standing to assert a claim for loss of society and companionship. *Id.* at 327, 613 N.W.2d at 127 ("The statutory construction of Wis. Stat. § 893.55(4)(f) supports our interpretation of only incorporating the damage limitation of Wis. Stat. § 895.04(4), and not the class of claimants entitled to bring such an action under that same section.").

Defendant argues that when plaintiffs cite *Czapinski* and *Dziadosz*, they are confusing the right of adult children pursuing a wrongful death claim under § 895.04 to recover pecuniary damages with the right of adult children to recover for loss of society and companionship under § 895.04(4). Although defendant is correct about plaintiffs' confusion, these medical malpractice cases do not bolster defendant's position either. *Czapinski* and *Dziadosz* deal with the class of claimants entitled to bring a medical malpractice wrongful death action. *See Czapinski* 236 Wis.2d at 337, 613 N.W.2d at 131; *Dziadosz*, 177 Wis.2d at 65, 501 N.W.2d at 831. Although the holdings had an ultimate impact on whether an adult child could recover loss of society and companionship in a medical malpractice wrongful death action, this was not the issue decided. Rather, the issue was whether an adult child could even bring a medical malpractice wrongful death action. In fact, the court in *Czapinski* noted in a footnote the exact controversy at issue in this case: "The parties in this action dispute whether 'children' in Wis. Stat. § 895.04(4) refers to both adult and minor children." *Czapinski*, 236 Wis.2d at 322 n. 7, 613 N.W.2d at 125 n. 7. However, the court never resolved that dispute because it had been rendered moot

by its holding that adult children were not among the class of claimants entitled to pursue a wrongful death claim in a medical malpractice case. *See id.* at 337, 613 N.W.2d at 131.

■ Surprisingly, there is no Wisconsin case law addressing the question whether adult children can recover loss of society and companionship damages in a general, non-medical malpractice wrongful death lawsuit. When there is no state supreme court precedent on point, a federal court sitting in diversity predicts how the state's supreme court would likely decide the issue. *See Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

### 2. *"Children" under Wis. Stat. § 895.04(4)*

■ "A court will not ordinarily engage in statutory interpretation unless a statute is ambiguous." *Czapinski,* 236 Wis.2d at 327, 613 N.W.2d at 127. "[W]hen a statute is plain and unambiguous, interpretation is unnecessary and intentions cannot be imputed to the legislature except those to be gathered from the terms of the statute itself." *Harris v. Kelley,* 70 Wis.2d 242, 249, 234 N.W.2d 628 (1975). A statute is ambiguous if "reasonable minds could differ" over the meaning of the statute. *Harnischfeger Corp. v. Labor & Indus. Review Comm'n.,* 196 Wis.2d 650, 662, 539 N.W.2d 98 (1995).

Defendant argues that a review of the statute as a whole shows that the word "children" in Wis. Stat. 895.04(4) does not include adults. I am unpersuaded by defendant's argument for two reasons. First, the word "children" in subsection (2) is modified by the adjective "minor." Wis. Stat. § 895.04(2). In fact, the phrase "minor children" or "such children" (referring to minor children) is used seven times in subsection (2). *Id.* However, in subsection (4) of the wrongful death statute, the word

"children" is used without any modifying adjective. Wis. Stat. § 895.04(4). The legislature knew how to use the word "minor" in subsection (2) to limit the word "children." The lack of such a limiting word in subsection (4) indicates that it intended the word "children" standing alone to encompass a larger class of children than minors only. Accepting defendant's argument would treat "children" and "minor children" as synonyms under the statute, which would be contrary to the statute's plain language.

■ Second, Wis. Stat. § 895.04(2) establishes a hierarchy of beneficiaries who have standing to recover for wrongful death. *See Steinbarth v. Johannes,* 144 Wis.2d 159, 164, 423 N.W.2d 540, 541 (1988) (discussing wrongful death hierarchy and holding that husband who kills wife feloniously and intentionally is not surviving spouse for purposes of wrongful death statute and cause of action accrues to adult children). In fact, the ability to recover under Wisconsin's wrongful death statute is similar to intestate succession, namely, a claimant has standing only if no other beneficiary higher in the hierarchy has standing. *Cf.* Wis. Stat. § 895.04(2) and Wis. Stat. § 852.01. The hierarchy set out in Wis. Stat. § 895.04(2) is as follows: surviving spouse, minor children, lineal heirs (which includes adult children) and siblings. The distinction between minor and adult children is imperative in subsection (2) in order to permit minor children to recover over adult children. In other words, if a minor child is alive at the time of his or her parent's death, other beneficiaries, such as an adult child, lack standing to bring an action in wrongful death. *See Steinbarth,* 144 Wis.2d at 166, 423 N.W.2d at 542. Viewing the plain language of the statute as a whole, I see no indication whatsoever that the term "chil-

dren" standing alone in Wis. Stat. § 895.04(4) excludes adult children.

Although the wrongful death statute does not define "child" or "children," defendant argues that the word "child" is defined in other areas of the code (such as social services, public aid and foster care) as a person under 19 years of age. Therefore, defendant argues, this court should borrow the definition from these code provisions and apply it to Wis. Stat. § 895.04(4). However, the intestate succession statute, which is cited explicitly in § 895.04(2), uses the word "children" and fails to define it. *See, e.g.,* Wis. Stat. § 852.01(1)(b) ("If there are issue other than children, those of more remote degrees take per stirpes."). Borrowing the definition of children from other code sections and applying it to intestacy (as defendant's argument would also suggest) would mean that references to "children" in the intestacy statute apply to minors only, an unpersuasive proposition given the common law of intestacy. Moreover, if the word "children" is construed as persons under 19 years of age only, as defendant argues, then the repetitive use of "minor" to qualify "children" in § 895.04(2) would be superfluous. Defendant's interpretation violates the canons of statutory construction. *See, e.g., Jones v. Jenkins,* 88 Wis.2d 712, 722, 277 N.W.2d 815, 819 (1979) ("In interpreting an ambiguous provision the court will select that construction which gives effect to each word or provision of the contract in preference to a construction which results in surplusage.").

The plain meaning of the word "children" encompasses both adults and minors. "Children" is the plural of "child," which is defined as "[a] son or daughter; an offspring." *The American Heritage Dictionary* 322 (4th ed.2000). Adult children are entitled to pursue a wrongful death claim because they are "lineal heirs" under intestate succession as noted in Wis.

Stat. § 895.04(2). There is no reason to assume that the legislature was ignorant of this explicit fact when it chose to use the word "children" as opposed to "minor children" in Wis. Stat. § 895.04(4).

Finally, in Wis. Stat. § 895.04(4), in the same sentence in which the word "children" is used standing alone, the legislature limited "siblings" who are entitled to loss of society and companionship to only those who "were minors at the time of the death." If the legislature had intended to exclude adult children from obtaining loss of society and companionship damages, it could have done so easily by either (1) inserting the word "minor" in front of the word "children" or (2) using the same qualifying language it did for siblings. Wis. Stat. § 895.04 is not ambiguous because the word "children" standing alone in subsection (4) refers to all children, both adult and minor.

Even if the statute were ambiguous, examining the legislative history does not change the outcome. In 1985, the legislature changed the definition of children eligible for loss of society and companionship relief under Wis. Stat. § 895.04(4) from "unemancipated or dependent children" to "children." 1985 Wis. Act 130 (eff. March 12, 1986). The obvious effect of this change was to broaden the group of children who can pursue loss of society and companionship damages. In fact, the analysis provided by the Legislative Reference Bureau, which was part of assembly bill, states that:

> Presently, in wrongful death actions, unemancipated or dependent children of the deceased are eligible to receive additional damages up to $50,000 for the loss of society and companionship. This proposal makes *all children* of the deceased eligible for those damages.

1985 A.B. 71 (Feb. 14, 1985) (emphasis added).

Because plaintiffs are children of the decedent and the decedent had no surviving spouse or minor children, they are eligible for an award of damages for loss of society and companionship for their father's wrongful death under Wis. Stat. § 895.04(4). Accordingly, defendant's motion for partial summary judgment will be denied.

## ORDER

IT IS ORDERED that defendant Westfield Insurance Company's motion for partial summary judgment is DENIED.