Roger LUND and Donna J. Stafsholt, Plaintiffs-
Appellants,†

v.

Richard H. KOKEMOOR,  M.D., Physicians Insurance
Company of Wisconsin, Inc. and Wisconsin Patients
Compensation Fund, Defendants-Respondents,

EMPLOYERS INSURANCE OF WAUSAU, A Mutual Company,
Subrogated Party.

Court of Appeals

*No.  95-0453.  Submitted on briefs June 12, 1995.—Decided
July 5, 1995.*

(Also reported in 537 N.W.2d 21.)

†Petition to review denied.

727

728

729

730

For the plaintiffs-appellants the cause was submitted on the briefs of *John L. Cates* and *John C. Carlson* of *Lawton & Cates* of Madison.

For the defendants-respondents the cause was submitted on the brief of *James M. Fergel* and *Linda Vogt Meagher* of *Schelling & Doyle, S.C.* of Brookfield.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  Roger Lund and Donna Stafsholt appeal an interlocutory order dismissing their demand for punitive damages in their medical malpractice action against Richard Kokemoor, M.D., and his insurers.  Lund and Stafsholt contend that under § 893.55(5), STATS., punitive damages are recoverable in medical malpractice actions as "[o]ther economic injuries and damages." Accordingly, they argue that the trial court erred by dismissing their demand for punitive damages. Because we conclude that the legislature did not include punitive damages for medical malpractice actions, the order is affirmed.

In March 1994, Lund and Stafsholt (plaintiffs) filed a medical malpractice action against Kokemoor, a neurosurgeon, for injuries they allegedly sustained following surgical procedures performed by Kokemoor. The plaintiffs' complaint alleged a cause of action for negligence and sought punitive damages as a result of the "outrageous, callous and reckless" nature of Kokemoor's conduct. The Wisconsin Patients Compensation Fund (Compensation Fund) subsequently moved for partial summary judgment, seeking dismissal of Lund and Stafsholt's punitive damage claim.

After considering the parties' respective arguments, the trial court concluded that ch. 655 and § 893.55(5), STATS., which govern medical malpractice

actions, specifically delineate the damages a party may recover in a medical malpractice action. Because the statutes did not provide for the recovery of punitive damages in actions, the trial court concluded that punitive damages were precluded in medical malpractice actions and granted Compensation Fund's motion for partial summary judgment. This court subsequently granted discretionary review of the plaintiffs' petition for review of the trial court's interlocutory order.

The sole issue raised in this appeal is whether ch. 655 and § 893.55(5), STATS., permit the recovery of punitive damages in medical malpractice actions.[1] This issue raises a question of statutory interpretation that we review without deference to the trial court. *State v. Eichman*, 155 Wis. 2d 552, 560, 456 N.W.2d 143, 146 (1990). When interpreting a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 537-38, 345 N.W.2d 389, 394 (1984). To determine the legislature's intent, we first look to the language of the statute itself. *Id.* at 538, 345 N.W.2d at 394.

Section 893.55(5), STATS., provides:

> Every award of damages under ch. 655 shall specify the sum of money, if any, awarded for each of the following for each claimant for the period from the date of injury to the date of award and for the period after the date of award, without regard to the limit under sub. (4)(d):

---

[1] The parties agree this action is controlled by the statutory scheme set forth in ch. 655 and § 893.55(5), STATS., and that this statutory scheme provides the exclusive remedy for medical malpractice actions.

(a)   Pain, suffering and noneconomic effects of disability.

(b)   Loss of consortium, society and companionship or loss of love and affection.

(c)   Loss of earnings or earning capacity.

(d)   Each element of medical expenses.

(e)   Other economic injuries and damages.

The plaintiffs argue that subsec. (e), which provides for recovery of "[o]ther economic injuries and damages[,]" authorizes the recovery of punitive damages in medical malpractice actions. The plaintiffs contend that the term "damages," as used in subsec. (e), is sufficiently broad to encompass punitive damages. Further, they argue that under the rules of statutory construction, qualifying words are to be limited to the word that the qualifier immediately precedes. *Vandervelde v. Green Lake*, 72 Wis. 2d 210, 215-16, 240 N.W.2d 399, 402 (1976). Applying this rule, the plaintiffs claim that the qualifying word "economic" in subsec. (e) should be read as applying exclusively to the word "injuries," thus permitting the recovery of "damages" regardless of whether they are economic.

The Compensation Fund, however, argues that the word "economic" is an adjective that modifies both the word "injuries" and the word "damages." Citing the grammatical rule of ellipsis, the Compensation Fund contends that because it is apparent from the statutory language that the word "economic" modifies both "injuries" and "damages," the legislature could avoid unnecessary repetition by inserting the word "economic" once in the clause. Thus, it contends that § 893.55(5)(e), STATS., should be read as permitting the recovery of "[o]ther economic injuries and [economic] damages." Economic damages are compensatory in

nature. *See* 1 THE LAW OF DAMAGES IN WISCONSIN § 1.5 (1994) ("compensatory damages" include all recoverable damages (beyond nominal damages) other than punitive or exemplary damages). Accordingly, because punitive damages are not compensatory, the Compensation Fund claims that punitives are not recoverable under the statute.

Based on the respective arguments advanced by the parties in this action, we conclude that § 893.55(5), STATS., is reasonably susceptible to more than one interpretation. We therefore conclude that the statutory language is ambiguous. When a statute is ambiguous or unclear, we may look to the statute's scope, history, context, subject matter and object to determine the legislature's intent. *Ball*, 117 Wis. 2d at 538, 345 N.W.2d at 394. Our review of these extrinsic aids leads us to conclude that the legislature intended subsec. (e) to be read as limiting the recovery of damages to those that are "economic" in nature. Because economic damages are compensatory, they do not include punitives. 1 THE LAW OF DAMAGES IN WISCONSIN SUPRA. Therefore, we conclude that ch. 655 and § 893.55(5) do not permit the recovery of punitive damages in medical malpractice actions. We arrive at this conclusion for a variety of reasons.

First, in examining the legislature's intent, we note that the medical malpractice statutory scheme was enacted during a period of perceived crisis in Wisconsin's health care system. The number of medical malpractice suits was rapidly increasing, and there was an escalation in the size of the judgments and settlements accompanying these suits. Laws of 1975, ch. 37, § 1(a). As a direct result of the increased judgments and settlements, insurance companies raised

the cost and availability of liability insurance. *Id.* at § 1(b). This, in turn, led to a dramatic increase in the costs that patients paid for health care services and facilities. *Id.* at § 1(c). The increased insurance costs also had a deleterious effect on the health care services available to the public. Because of the high premiums that insurance companies were charging for liability insurance, many physicians refrained from providing certain health care services because of the high risk associated with those services. *Id.* at § 1(g). For these reasons, the legislature concluded that medical malpractice suits, and the high judgments that resulting therefrom, were working a detriment to health care providers, patients and the public in general. *Id.* at § 1(k).

In the wake of its findings, the legislature enacted a medical malpractice statutory scheme to combat the increasing liability insurance costs. A statutory cap was placed on noneconomic damages, § 893.55(4)(d), STATS., a special statute of limitations was introduced to prohibit the commencement of an action more than five years after the act or omission giving rise to the claim, § 893.55(1)(b) and a mediation system was established to provide an alternative means of resolving medical malpractice disputes. Section 655.42, STATS. Despite the environment in which the medical malpractice statutory scheme was enacted and despite the actions taken by the legislature to reduce liability insurance costs, the plaintiffs contend that this court should conclude that punitive damages are recoverable in medical malpractice actions. We decline to do so. The medical malpractice statutory scheme was enacted to control the increased judgments associated with malpractice claims and to reduce increasing liability insurance costs in an effort to limit the detrimental

735

effect malpractice actions were perceived to be having on the delivery of health care services. The position the plaintiffs advance is inconsistent with the legislature's stated purpose because punitive damages would result in increased judgments and thereby increase liability insurance costs. Therefore, given the legislative findings that precipitated the enactment of the medical malpractice statutory scheme and the actions the legislature has taken to reduce liability insurance costs, we conclude that the legislature did not intend that punitive damages be recoverable in medical malpractice actions.

Second, we note that § 895.70(3), STATS., specifically provides that punitive damages are recoverable in actions based on a physician's sexual exploitation of a patient. If the legislature did not intend to exclude punitive damages from medical malpractice actions there would have been no need to specifically provide for the recovery of punitive damages in a specific type of malpractice action.[2] The fact that the legislature found it necessary to specifically authorize punitive damages in sexual exploitation malpractice cases supports our conclusion that the legislature did not intend to provide for the recovery of punitive damages in other types of malpractice actions.

Third, § 893.55(5), STATS., represents a clear and unambiguous legislative effort to specify those damages a plaintiff may recover in a medical malpractice action. If the legislature did not intend to change the common law as to the damages that may be recovered in malpractice actions, there would have been no need

---

[2] In *L.L. v. Medical Protective Co.*, 122 Wis. 2d 455, 462-63, 362 N.W.2d 174, 178 (Ct. App. 1984), this court concluded that a patient's claim against a physician, which was based on sexual misconduct, was properly considered a malpractice action.

for the legislature to enact the provision. Thus, we reject the plaintiffs' assertion that § 893.55(5) is a mere recitation of the common law and conclude that the legislature intended to change the damages authorized under common law. Because the only change reflected in the statute is the preclusion of punitive damages, we conclude that the legislature did not intend to allow the recovery of punitive damages in medical malpractice actions.

Finally, we construe § 893.55(5), STATS., to limit the recovery of "damages" to those that are "economic" in nature. We acknowledge that there is a rule of statutory construction that would permit the statute to be read in a manner that would allow the recovery of all damages, economic or otherwise. However, the rule is not inflexible. As our supreme court noted in *Fuller v. Spieker*, 265 Wis. 601, 605, 62 N.W.2d 713, 715 (1954), "[t]he rule is that qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent, *unless the context or the evident meaning of the enactment requires a different construction.*" (Citation omitted; emphasis added.) Here, the evident purpose of the enactment was to control the increasing judgments accompanying medical malpractice claims and reduce liability insurance costs. Reading § 893.55(5) to allow the recovery of all damages, whether economic or not, would permit the recovery of higher judgments and thereby contravene the purpose of the enactment. Therefore, we conclude that § 893.55(5) only permits the recovery of "economic damages."

The plaintiffs, however, argue that our reading of § 893.55(5), STATS., renders the language duplicitous because economic injuries and economic damages are

synonymous. Thus, noting that a statute should not be read so as to render any portion of the statute surplusage, *Lang v. Lang*, 161 Wis. 2d 210, 224-25, 467 N.W.2d 772, 777-78 (1991), the plaintiffs contend that we must read the statute to permit the recovery of damages, regardless whether they are economic.

We agree that any distinction between economic injuries and economic damages is slight at best. Nonetheless, we will not employ a rule of statutory construction to override the clear intent of the legislature. As noted in *State v. Ross*, 73 Wis. 2d 1, 5, 242 N.W.2d 210, 212 (1976): "If possible, a statute should not be construed so as to render any portion or word surplusage. However, legislative intent controls and this court may insert or reject words necessary or reasonably inferable . . . ." (Citations omitted.) As we have already noted, the purpose of the medical malpractice statutory scheme was to control the increasing judgments in medical malpractice actions. Our conclusion that punitive damages are not recoverable in medical malpractice actions is consistent with this purpose.

The plaintiffs next contend that our conclusion that punitive damages are not recoverable under § 893.55(5), STATS., is inconsistent with our supreme court's previous decisions in *Brown v. Maxey*, 124 Wis. 2d 426, 369 N.W.2d 677 (1985), and *Cieslewicz v. Mutual Serv. Cas. Ins. Co.*, 84 Wis. 2d 91, 267 N.W.2d 595 (1978). We do not agree that either of these cases implicates our construction of the statutory language in this case. *Brown* and *Cieslewicz* did not involve the interpretation of statutory language, but rather the interpretation of insurance policies to determine whether punitive damages fell within the ambit of the

policies' coverage. Further, we note that unlike this case, the insurance policies in *Brown* and *Cieslewicz* did not use the modifier "economic" before the words "damages" and "injuries." Finally, and most importantly, in neither *Brown* nor *Cieslewicz* did the court have the benefit of the drafter's intent when interpreting the language of the insurance policies in question. Therefore, we conclude that these cases are inapposite to the case before us.

The most troubling argument advanced by the plaintiffs is premised on the rule of statutory construction, which states that "[s]tatutes are not to be construed as changing the common law unless the purpose to effect such a change is clearly expressed therein and such purpose is demonstrated by language which is clear, unambiguous and peremptory." *Leahy v. Kenosha Mem'l Hosp.*, 118 Wis. 2d 441, 449, 348 N.W.2d 607, 612 (Ct. App. 1984). The plaintiffs contend that without a specific statement by the legislature that it intended to preclude the recovery of punitive damages in medical malpractice cases, we should interpret § 893.55(5), STATS., to permit punitive damages. This is an argument that has much to commend it; however, in the final analysis it is insufficient to compel the result the plaintiffs seek. Although a portion of the statute is ambiguous, the compelling evidence of the legislature's intent is more than sufficient to demonstrate that the legislature intended to change the common law to preclude punitive damages in medical malpractice actions. For the foregoing reasons, we conclude that the trial court properly concluded that punitive damages are not recoverable in medical malpractice claims.

739

*By the Court.*—Order affirmed.