Leo W. ZIULKOWSKI, individually and as the Special Administrator of the Estate of Leona F. Ziulkowski, Plaintiff,

Richard A. ZIULKOWSKI and Cynthia L. Ziulkowski, Plaintiffs-Appellants, †

v.

Dr. Gregory M. NIERENGARTEN, D.O., Physicians Insurance Company of Wisconsin, Inc., a Wisconsin corporation and Patients Compensation Fund, Defendants-Respondents,

John DOE, M.D., Frank Doe, M.D., Mary Doe Memorial Hospital and Sally Doe Memorial Hospital, Defendants.

Court of Appeals

*No. 95–1708. Submitted on briefs March 4, 1997.—Decided April 8, 1997.*

(Also reported in 565 N.W.2d 164.)

†Petition to review filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *James P. Brennan* of *Brennan & Collins* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Lori Gendelman and Jeffrey J.P. Conta* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

WEDEMEYER, P.J. Richard A. and Cynthia L. Ziulkowski appeal from a judgment dismissing their complaint alleging negligent infliction of emotional distress against Dr. Gregory M. Nierengarten, D.O., Physicians Insurance Company of Wisconsin, Inc., and the Patients Compensation Fund. Richard and Cynthia claim the trial court erred in granting Nierengarten's motion to dismiss. They assert that

*Bowen v. Lumbermens Mutual Casualty Co.*, 183 Wis. 2d 627, 517 N.W.2d 432 (1994), recognized this cause of action. Because *Bowen* does not recognize a negligent infliction of emotional distress claim for adult children in a medical malpractice action arising out of injuries to a parent, and because neither Chapter 655 nor § 893.55, STATS., allows such a claim, we affirm.

## I. BACKGROUND

On October 26, 1991, Richard and Cynthia's mother, Leona F. Ziulkowski, died at St. Luke's Hospital as a result of an incarcerated abdominal wall hernia. Leona was admitted to St. Francis Hospital on June 19, 1991, after treating with Nierengarten on June 10th and June 14th with complaints of nausea, vomiting, diarrhea, abdominal cramping, abdominal distention, and fever. Shortly after being admitted, Leona was transferred to St. Luke's where she was treated in the Intensive Care Unit until she died.

Richard, Cynthia, and their father, Leo W. Ziulkowski, filed suit against Nierengarten, Physicians Insurance Company and the Patients Compensation Fund. Leo alleged that Leona died as a result of the negligence of Nierengarten and sought damages for loss of society and companionship, pecuniary loss, and medical and funeral costs. Leo also alleged, as administrator of Leona's estate, that she suffered grievously from June 10, 1991, until she died. He sought damages for her pain, suffering and disability during this time period. Richard and Cynthia, who are both adults, alleged that they suffered mental anguish and emotional distress as a result of observing their mother suffering, which allegedly was caused by Nierengarten's failure to properly care for and treat Leona.

Nierengarten moved to dismiss Richard and Cynthia's claims for failure to state a cause of action. The trial court granted the motion. Richard and Cynthia now appeal.

## II. DISCUSSION

The issue of whether adult children can maintain a claim for negligent infliction of emotional distress caused by the alleged negligence of a physician in treating their mother is one of first impression in Wisconsin. Richard and Cynthia argue that the *Bowen* case recognizes such a claim. Nierengarten argues that *Bowen* did not involve a medical malpractice action and, therefore, does not apply to the instant case. Further, Nierengarten asserts that the statutory framework governing medical malpractice cases does not recognize the type of action that Richard and Cynthia have filed. The trial court concluded that the statutes governing medical malpractice cases do not articulate a cause of action for negligent infliction of emotional distress and that *Bowen* does not apply because it did not involve medical malpractice. We agree.

■

Whether a claim for relief exists is a question of law that we decide independently. *Koestler v. Pollard*, 162 Wis. 2d 797, 802, 471 N.W.2d 7, 9 (1991). Deciding whether Richard and Cynthia have claims involves an analysis of the statutory framework applicable to medical malpractice actions. Because this review involves interpretation of statutes, our review here is also *de novo*. *Campion v. Montgomery Elevator Co.*, 172 Wis. 2d 405, 410, 493 N.W.2d 244, 246 (Ct. App. 1992).

We first dispose of Richard and Cynthia's claim that *Bowen* recognizes the claim that they assert. We

are not persuaded by the argument that *Bowen* allows claims for negligent infliction of emotional distress premised on medical malpractice. *Bowen* was not a medical malpractice case. Rather, it involved a claim for negligent infliction of emotional distress filed by a mother who witnessed the immediate aftermath of her son's fatal bicycle-automobile injury. *Bowen,* 183 Wis. 2d at 631, 517 N.W.2d at 434. There is no language in *Bowen* which indicates that this cause of action should be extended to the medical malpractice arena. Further, medical malpractice cases have been treated differently than non-medical malpractice personal injury cases. Medical malpractice law is exclusively governed by Chapter 655, STATS. *Rineck v. Johnson,* 155 Wis. 2d 659, 665, 456 N.W.2d 336, 339 (1990), *cert. denied,* 498 U.S. 1068 (1991), *overruled on other grounds by Chang v. State Farm Mut. Auto Ins. Co.,* 182 Wis. 2d 549, 514 N.W.2d 399 (1994). Therefore, *Bowen* is inapplicable to the instant case, and we must turn to an analysis of the statutory framework governing medical malpractice actions.

Chapter 655, STATS., establishes the exclusive procedure governing medical malpractice claims and "expressly delineates the damages limitation imposed in medical malpractice actions." *Rineck,* 155 Wis. 2d at 665, 456 N.W.2d at 339. Chapter 655 also incorporates § 893.55, STATS. Accordingly, we examine Chapter 655 and § 893.55 in tandem to determine whether these statutes allow adult children to assert claims for negligent infliction of emotional distress. We note first that neither Chapter 655 nor § 893.55 specifically mentions that adult children have a compensable claim for negligent infliction of emotional distress.

Section 655.007, STATS., sets forth the class of individual claimants subject to this chapter. These include the "patient or the patient's representative having a claim or any spouse, parent or child of the patient having a derivative claim for injury or death on account of malpractice." *Id.* Unfortunately, § 655.007, in referring to the "child of the patient" as someone who may bring a derivative claim, does not specify whether this includes both minor children and adult children. Based on the current case law addressing medical malpractice cases, we conclude that the "child" referred to in § 655.007 is limited to minor children. In *Jelinek v. St. Paul Fire & Casualty Insurance Co.*, 182 Wis. 2d 1, 512 N.W.2d 764 (1994), our supreme court allowed claims asserted by the patient's minor children for loss of society and companionship. *Id.* at 5–6, 512 N.W.2d at 765. But, in *Dziadosz v. Zirneski*, 177 Wis. 2d 59, 501 N.W.2d 828 (Ct. App. 1993), this court concluded that Chapter 655 does not allow adult children of an injured patient to assert claims for loss of society and companionship. *Id.* at 65, 501 N.W.2d at 831.

*Theama v. City of Kenosha,* 117 Wis. 2d 508, 344 N.W.2d 513 (1984), provides additional support for our conclusion that adult children may not maintain an action for negligent infliction of emotional distress resulting from injuries to a parent in a medical malpractice case. In *Theama,* our supreme court allowed the minor children of a parent injured due to the negligent treatment of a physician to maintain a claim. *Id.* at 519–20, 344 N.W.2d at 518. The court reasoned that the children's recovery should be limited to the loss they would suffer during their minority because a minor is more likely to be severely affected

by a negligent injury to the parent. *Id.* at 527, 344 N.W.2d at 522.

When interpreting a statute, our primary objective is to ascertain and give effect to the intent of the legislature, *Ball v. Dist. No. 4, Area Bd.*, 117 Wis. 2d 529, 537–38, 345 N.W.2d 389, 394 (1984), and the legislature is presumed to act with knowledge of the existing case law. *Reiter v. Dyken*, 95 Wis. 2d 461, 471, 290 N.W.2d 510, 515 (1980). As we recently noted in *Lund v. Kokemoor*, 195 Wis. 2d 727, 537 N.W.2d 21 (Ct. App. 1995):

> The medical malpractice statutory scheme was enacted during a period of perceived crisis in Wisconsin's health care system. The number of medical malpractice suits was rapidly increasing, and there was an escalation in the size of the judgments and settlements accompanying these suits. As a direct result of the increased judgments and settlements, insurance companies raised the cost and availability of liability insurance. This, in turn, led to a dramatic increase in the costs that patients paid for health care services and facilities
> . . . .
> . . . [T]he legislature enacted a medical malpractice statutory scheme to combat the increasing liability insurance costs.

*Id.* at 734–35, 537 N.W.2d at 23 (citations omitted). Based on this reasoning, we concluded in *Lund* that the legislature did not intend to allow an award of punitive damages to be read into the statutory scheme. *Id.* at 734, 537 N.W.2d at 23. Similarly, in the absence of a specific reference within the statutory scheme enacted by the legislature, we conclude that the legislature did not intend to allow an adult child to assert a claim for emotional distress damages. Moreover, the legislature

has not acted to alter the pertinent statutes despite the distinction evident in the case law granting minor children rights to maintain certain claims when their parents are the victims of medical malpractice, but foreclosing similar rights to adult children. Based on the foregoing, we hold that the statutory scheme governing medical malpractice cases does not allow the type of claim that Richard and Cynthia have asserted.

The parties direct our attention to § 655.017, STATS., which provides that the amount of noneconomic damages recoverable by a claimant is subject to § 893.55(4), STATS. Section 893.55(5), states that the following types of damages are collectible in a medical malpractice case: (a) pain, suffering and noneconomic effects of disability; (b) loss of consortium, society and companionship or loss of love and affection; (c) loss of earnings or earning capacity; (d) each element of medical expenses; and (e) other economic injuries or damages.

Nierengarten argues that because damages for emotional distress are not specifically mentioned, this section precludes the adult children's claims. He argues that it is a well-established principle of statutory construction that the "enumeration of specific alternatives in a statute is evidence of legislative intent that any alternative not specifically enumerated is to be excluded." *C.A.K. v. State*, 154 Wis. 2d 612, 621, 453 N.W.2d 897, 901 (1990). Richard and Cynthia counter this argument by referencing § 893.55(4)(a), STATS., which does specifically mention mental distress damages. This paragraph provides:

> In this subsection, "noneconomic damages" means moneys intended to compensate for pain and suffering; humiliation; embarrassment; worry;

mental distress; noneconomic effects of disability including loss of enjoyment of the normal activities, benefits and pleasures of life and loss of mental or physical health, well-being or bodily functions; loss of consortium, society and companionship; or loss of love and affection.

It is not clear why the legislature included a reference to "mental distress" within this paragraph, but excluded it from paragraph (5).

We need not resolve this apparent inconsistency within the statutes, however, because we have already concluded, based on the fundamental language of Chapter 655, STATS., and precedential case law, that only minor children may make derivative claims stemming from injuries their parents sustain due to medical malpractice. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the narrowest possible grounds). Although this apparent conflict in the statutes may lend support to the argument that injured patients may be able to recover damages for mental distress in a medical malpractice case, it does not create a cause of action for adult children.

In sum, we conclude that *Bowen* is inapplicable to medical malpractice cases because those cases are governed exclusively by the statutory framework set forth in Chapter 655, STATS., and incorporated statutes. We hold that adult children may not maintain a claim for negligent infliction of emotional distress resulting from injuries allegedly suffered by their parent as a result of medical malpractice.

*By the Court.*—Judgment affirmed.