Susan CZAPINSKI and Gary Czapinski, Plaintiffs-Appellants,

v.

ST. FRANCIS HOSPITAL, INC., American Continental Insurance Company and Wisconsin Patients Compensation Fund, Defendants-Respondents.

Supreme Court

*No. 98–2437. Oral argument April 5, 2000.—Decided July 6, 2000.*

(On certification from the court of appeals.)

## 2000 WI 80

(Also reported in 613 N.W.2d 120.)

For the plaintiffs-appellants there were briefs (in the court of appeals) by *Ted M. Warshafsky, Edward E. Robinson* and *Warshafsky, Rotter, Tarnoff, Reinhardt*

& *Bloch, S.C.*, Milwaukee, and oral argument by *Gerald J. Bloch*.

For the defendants-respondents there was a brief by *John A. Nelson, Timothy W. Feeley* and *von Briesen, Purtell & Roper, S.C.*, Milwaukee, and oral argument by *John A. Nelson*.

An amicus curiae brief was filed by *Mark L. Thomsen* and *Cannon & Dunphy, S.C.*, Brookfield, on behalf of the Wisconsin Academy of Trial Lawyers.

¶ 1. N. PATRICK CROOKS, J. This case comes before the court on certification from District I of the court of appeals. Petitioners, Susan and Gary Czapinski, seek review of a circuit court decision that dismissed their medical malpractice claim on the grounds that they failed to state a claim upon which relief could be granted. Petitioners had sought damages for the loss of their mother's society and companionship following her death during a routine hip replacement surgery. The circuit court held that under Wis. Stat. § 893.55(4)(f) (1995–96),[1] adult children lack standing to recover for the wrongful death of a parent caused by medical malpractice.

¶ 2. We affirm. First, we hold that the language of Wis. Stat. § 893.55(4)(f) makes applicable to medical malpractice death cases only the limit on damages, and does not incorporate the wrongful death classification of claimants entitled to bring such an action. The clas-

---

[1] All subsequent references to the Wisconsin Statutes are to the 1995–96 text unless otherwise noted. 1995 Wisconsin Act 10 created Wis. Stat. § 893.55(4)(f), which became effective on May 25, 1995. Section 893.55(4)(f) sets forth the damages for loss of society and companionship recoverable for a wrongful death resulting from medical malpractice.

sification of claimants entitled to bring a wrongful death suit for medical malpractice is limited to those enumerated in Wis. Stat. § 655.007. Legislative history shows that adult children were not intended to be included within this classification. Second, we hold that § 893.55(4)(f) does not violate the equal protection clause of the Wisconsin Constitution.

## I.

¶ 3. On October 19, 1995, seventy-eight-year-old Helen Czapinski was admitted to St. Francis Hospital to undergo routine hip replacement surgery. During the surgery, doctors had trouble intubating her,[2] and by late evening, after the surgery, she was having difficulty breathing. Her respiratory distress intensified throughout the night and measures were taken by hospital staff in an attempt to resolve the problem. The respiratory difficulty continued and an emergency tracheostomy was eventually performed; this too failed in solving the respiratory crisis.[3] Helen Czapinski went into cardiac arrest and was pronounced dead at 8:29 a.m. on October 20, 1995. A post mortem examination showed that her esophagus had been lacerated, apparently allowing air to escape into her neck, a potential cause of the respiratory obstruction.[4]

---

[2] An endotracheal tube was inserted during Helen Czapinski's surgery. The Petitioners contend that this tube punctured her trachea and esophagus.

[3] A tracheostomy is the construction of an artificial opening through the neck into the trachea, usually done to help difficulty in breathing.

[4] It is not clear in the record when the laceration of the esophagus occurred; the Petitioners alleged that the laceration occurred during the intubation done during surgery.

¶ 4. At the time of her death, Helen Czapinski was not survived by a spouse. As a result, her two adult children, Susan and Gary Czapinski, filed a medical malpractice claim under Wis. Stat. ch. 655 on November 12, 1997. They alleged that St. Francis Hospital, Inc., "acting through its employees, agents and others for whom it is responsible in *respondeat superior*," negligently caused their mother "to sustain injuries, severe pain and suffering, and ultimately to die." (R. at 1:5.) The Czapinskis sought damages for loss of their mother's society and companionship.

¶ 5. The defendant, St. Francis Hospital, along with American Continental Insurance Company, and Wisconsin Patients Compensation Fund (hereinafter, St. Francis) filed a motion for judgment on the pleadings pursuant to Wis. Stat. § 802.06(3). St. Francis claimed that the Czapinskis failed to state a claim upon which relief could be granted because Wis. Stat. ch. 655 precludes adult children from recovering for wrongful death resulting from medical malpractice.

¶ 6. The Czapinskis responded to this motion by claiming that Wis. Stat. § 893.55(4)(f) supersedes Wis. Stat. § 655.007 in terms of who may bring a cause of action in medical malpractice death cases, and it makes the classification of claimants entitled to bring wrongful death actions under Wis. Stat. § 895.04(4)[5] applicable to claims for loss of society and companionship in medical malpractice actions. The Czapinskis argued that this classification would include adult children's claims for such loss.

¶ 7. The circuit court, the Honorable Louis J. Ceci presiding, granted St. Francis' motion and dis-

---

[5] Wisconsin Stat. § 895.04(4) sets forth the damages available for loss of society and companionship in a wrongful death action.

missed the complaint with prejudice. The circuit court held that adult children lack standing to recover for loss of society and companionship in the wrongful death of a parent caused by medical malpractice, because Wis. Stat. § 893.55(4) makes applicable to medical malpractice death cases only the limit on damages and does not incorporate the wrongful death classification of claimants entitled to bring such an action. The circuit court held that the classification of claimants entitled to bring claims for loss of society and companionship in wrongful death actions for medical malpractice are limited to those enumerated in Wis. Stat. § 655.007.

¶ 8. The Czapinskis appeal on two grounds.[6] First, they claim that as of May 25, 1995, Wis. Stat. § 893.55(4)(f) incorporated adult children in the classification of claimants that may bring claims for loss of society and companionship in wrongful death actions in medical malpractice cases. In support of their claim, they point to the terminology of § 893.55(4)(f), which provides in part, "damages recoverable against health care providers and an employee of a health care provider. . .for wrongful death are subject to the limit under s. 895.04(4)." Wisconsin Stat. § 895.04(4), in turn, provides that in wrongful death actions, "[a]dditional damages not to exceed $150,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased."[7]

¶ 9. Second, the Czapinskis argue that if Wis. Stat. § 893.55(4)(f) is construed to incorporate only the wrongful death limitation on damages, and not the

---

[6] An amicus curiae brief was filed on behalf of the Czapinskis by the Wisconsin Academy of Trial Lawyers.

[7] The parties in this action dispute whether "children" in Wis. Stat. § 895.04(4) refers to both adult and minor children.

classification of wrongful death claimants entitled to bring such actions, then the statute should be struck down as unconstitutional for violating the equal protection provision in art. I, § 1 of the Wisconsin Constitution.[8] Under the current statute, physicians whose negligence causes death while acting in a medical capacity are treated differently than physicians whose negligence causes death while acting in a nonmedical capacity. Furthermore, adult children would not have the same protections under the law as minor children. The Czapinskis claim that this inequitable treatment of both tortfeasors and tort victims violates equal protection.

¶ 10. St. Francis seeks an affirmation of the circuit court decision, which would prevent adult children from recovering for loss of society and companionship in medical malpractice cases. They argue that because Wis. Stat. § 893.55(4)(f) only incorporates the amount of damages a claimant may recover in medical malpractice suits, the classification of claimants entitled to bring such a claim under medical malpractice is limited to those enumerated in Wis. Stat. § 655.007. St. Francis argues that the Czapinskis could not meet the heavy burden to show that Wis. Stat. § 893.55(4)(f) is unconstitutional.

¶ 11. The court of appeals certified the appeal to this court for its determination. We are presented with two issues for review. First, does Wis. Stat. § 893.55(4)(f) expand the classification of claimants

---

[8] Petitioners claim that following our interpretation of Wis. Stat. § 893.55(4)(f), the statute would also violate the due process provision of the Wisconsin Constitution. However, Petitioners failed to present any further arguments pertaining to due process in either their brief or at oral argument, and thus, we do not address the due process issue.

entitled to collect damages for loss of society and companionship in medical malpractice claims to include adult children who have lost a parent as a result of medical malpractice?[9] Second, if § 893.55(4)(f) is construed not to incorporate adult children who have lost a parent in the classification of claimants that can collect damages resulting from loss of society and companionship in medical malpractice cases, does this statute then violate the equal protection provision of the Wisconsin Constitution?

## II.

¶ 12. We first address whether Wis. Stat. § 893.55(4)(f) includes adult children in the class of claimants that can recover for loss of society and companionship in a medical malpractice suit. The interpretation of a statute is a question of law that is reviewed *de novo*. *Burks v. St. Joseph's Hosp.*, 227 Wis. 2d 811, 824, 596 N.W.2d 391 (1999). Likewise, the constitutionality of a statute is also a question of law that is reviewed *de novo*. *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 119, 595 N.W.2d 392 (1999).

¶ 13. We conclude that Wis. Stat. § 893.55(4)(f) does not expand the classification of claimants entitled to recover for loss of society and companionship in the wrongful death of a parent caused by medical malpractice to include adult children. Statutory language along with legislative history and precedent lead us to hold

---

[9] Wisconsin Stat. § 893.55(4)(f) provides in pertinent part, "Notwithstanding the limits on noneconomic damages under this subsection, damages recoverable against health care providers. . .acting within the scope of his or her employment and providing health care services, for wrongful death are subject to the limit under s. 895.04(4)."

that the intent of the legislature was to make applicable to medical malpractice death cases only the Wis. Stat. § 895.04(4) limit on damages,[10] and not to incorporate the wrongful death classification of claimants entitled to bring such an action.

¶ 14. We begin by outlining the statutory provisions at issue in this case. Wisconsin Stat. ch. 655 provides medical patients a recourse for health care liability and establishes the Patients Compensation Fund. Chapter 655 was created in 1975 as a response to what the legislature perceived as a "social and economic crisis." *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 509, 261 N.W.2d 434 (1978). It "established an exclusive procedure for the prosecution of malpractice claims against a health care provider. . . ." *Strykowski*, 81 Wis. 2d at 499. The legislative rationale behind creating Chapter 655 was stated in *Strykowski*, 81 Wis. 2d at 508, in which the court noted:

> The legislature cited a sudden increase in the number of malpractice suits, in the size of awards, and in malpractice insurance premiums, and identified several impending dangers: increased health care costs, the prescription of elaborate "defensive" medical procedures, the unavailability of certain

---

[10] Wisconsin Stat. § 895.04(4) now reads "Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed * * * $500,000 per occurrence in the case of a deceased minor, or $350,000 per occurrence in the case of a deceased adult, for loss of society and companionship may be awarded to the spouse, children or parents of the deceased, or to the siblings of the deceased, if the siblings were minors at the time of the death." Wis. Stat. Ann. § 895.04(4) (West Supp. 1999).

hazardous services and the possibility that physicians would curtail their practices.

However, soon after the enactment of Chapter 655, the legislature passed Wis. Stat. § 893.55, in part, to limit the damages a claimant could recover under medical malpractice claims.

¶ 15. Before the enactment of Wis. Stat. § 893.55(4)(f) in 1995, Wis. Stat. § 893.55(4)(b) and (d) provided that the limit on total noneconomic damages would be $1 million for actions filed or after June 14, 1986 and before January 1, 1991. During this same time period, damages for loss of society and companionship in all other wrongful death cases were limited under Wis. Stat. § 895.04(4) to $50,000. *Rineck v. Johnson*, 155 Wis. 2d 659, 665–66, 456 N.W.2d 336 (1990), *rev'd on other grounds, Chang v. State Farm Mut. Auto. Ins. Co.,* 182 Wis. 2d 549, 514 N.W.2d 399 (1994).

¶ 16. In 1990, this court held that the larger $1 million limitation under Wis. Stat. ch. 655 superseded the smaller limitation in the general wrongful death statute. *Rineck*, 155 Wis. 2d at 661. Furthermore, this court also held in *Jelinek v. St. Paul Fire and Casualty Insurance Co.*, 182 Wis. 2d 1, 9, 512.N.W.2d 764 (1994), that after January 1, 1991, recovery for loss of society and companionship in medical malpractice cases was unlimited. Possibly as a response to our decisions in these cases, the legislature passed 1995 Wisconsin Act 10, which among other things, created Wis. Stat. § 893.55(4)(f).[11] Prior to the enactment of

---

[11] **Wisconsin Stat. § 893.55 Medical malpractice; limitation of actions; limitation of damages; itemization of damages.** (4)(f) Notwithstanding the limits on noneconomic damages under this subsection, damages recoverable against health care providers and an employe of a health care provider, acting within the scope of his or her employment and providing health care ser-

§ 893.55(4)(f), the classification of claimants entitled to bring a claim for loss of society and companionship as a result of medical malpractice was limited to those enumerated in Wis. Stat. § 655.007. *Ziulkowski v. Nierengarten*, 210 Wis. 2d 98, 103, 565 N.W.2d 164 (1997). Section 893.55(4)(f) made applicable to medical malpractice cases the limit on damages for loss of society and companionship that was established in Wis. Stat. § 895.04(4),[12] the wrongful death statute.

¶ 17. The statutory construction of Wis. Stat. § 893.55(4)(f) supports our interpretation of only incorporating the damage limitations of Wis. Stat. § 895.04(4), and not the class of claimants entitled to bring such an action under that same section. A court will not ordinarily engage in statutory construction unless a statute is ambiguous. *Harris v. Kelley*, 70 Wis. 2d 242, 249, 243 N.W.2d 628 (1975). "[W]hen a statute is plain and unambiguous, interpretation is unnecessary and intentions cannot be imputed to the legislature except those to be gathered from the terms of the statute itself." *Id.* A statute is ambiguous if "reasonable minds could differ" over the meaning of the statute. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 662, 539 N.W.2d 98 (1995). If a statute's language is ambiguous, a court may discern legislative intent by

---

vices, for wrongful death are subject to the limit under s. 895.04 (4). If damages in excess of the limit under s. 895.04(4) are found, the court shall make any reduction required under s. 895.045 and shall award the lesser of the reduced amount or the limit under s. 895.04(4).

[12] Wisconsin Stat. § 895.04(4) pertains to limits on wrongful death awards and states, in part, "Additional damages not to exceed $150,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased."

examining the "history, scope, context, subject matter, and object of the statute." *State v. Kirch*, 222 Wis. 2d 598, 602, 587 N.W.2d 919 (Ct. App. 1998) (citing *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 164, 558 N.W.2d 100, 103 (1997)). Section 893.55(4)(f) is ambiguous as to what limitation from the wrongful death statute, § 895.04(4), it incorporates into medical malpractice suits.

¶ 18. In *Rineck*, 155 Wis. 2d at 661, we recognized that Wis. Stat. ch. 655 controls all claims for death or injury resulting from medical malpractice. We have also held that Chapter 655 incorporates by specific reference an exclusive list of those extrinsic statutory provisions that the legislature intended to apply in medical malpractice actions, and extrinsic statutes must be specifically incorporated into Chapter 655 to be applied to medical malpractice actions. *Id.* at 666–67. Wisconsin Stat. § 895.04(2) is the statute that lays out the class of claimants that may recover in wrongful death actions.[13] Had the legislature wanted to incorporate § 895.04(2) into Chapter 655 and medical malpractice actions, it would have been referred to, or included in Wis. Stat. § 893.55(4)(f), which applied wrongful death limitations to medical malpractice suits. Instead, the only wrongful death limit expressly applied to medical malpractice suits is the limitation on noneconomic damage awards for loss of society and companionship under Wis. Stat. § 895.04(4).

¶ 19. This statutory construction is also supported by specific language in Wis. Stat. § 893.55(4)(f). First, the legislature chose to use the term "limit" to expand medical malpractice cases to incorporate only the wrongful death recovery limitation for loss of soci-

---

[13] Wisconsin Stat. § 895.04(2) includes adult children in the class of claimants that can recover for wrongful death.

ety and companionship. The word "limit" in its singular form suggests that the legislature did not want the entire second sentence of Wis. Stat. § 895.04(4) to be incorporated into § 893.55(4)(f). Had the legislature wanted also to incorporate the class of claimants entitled to recover for loss of society and companionship in wrongful death suits to medical malpractice suits, they could have easily done so by changing Wis. Stat. § 655.007, or by expressly stating this intention in § 893.55(4)(f), when the wrongful death limit on noneconomic damage awards was also incorporated.

¶ 20. Further, the final sentence in Wis. Stat. § 893.55(4)(f) clarifies that the legislature intended to equate "limit" with monetary damages, not a class of claimants. The sentence states that "if damages in excess of the limit under s. 895.04(4) are found, the court shall make any reduction required under s. 895.045 and shall award the lesser of the reduced amount or the limit under s. 895.04(4)." § 893.55(4)(f). The repeated references to § 895.04(4) connect "limit" to damages, but there is no reference that connects "limit" to a class of claimants.

¶ 21. Second, Wis. Stat. § 893.55(4)(f) uses the language, "*damages* recoverable. . .are subject to the limit under s. 895.04(4)." (Emphasis added.) This shows that the legislature intended to extend to medical malpractice suits the wrongful death limit on damages, not the class of claimants entitled to bring such a suit. Again, had the legislature been attempting to incorporate the wrongful death class of claimants to medical malpractice claims, they could have used terminology such as, "damages recoverable and *class of claimants entitled to bring a suit*. . .are subject to the limits under s. 895.04(4)." This type of statutory language would have decidedly incorporated the wrongful

death class of claimants that could recover damages for loss of society and companionship into medical malpractice cases. But, the legislature did not use such terminology.

¶ 22. "When interpreting a statute, our primary objective is to ascertain and give effect to the intent of the legislature. . .and the legislature is presumed to act with knowledge of the existing case law." *Ziulkowski*, 210 Wis. 2d at 104 (citations omitted). Therefore, a statute's construction will stand unless the legislature explicitly changes the law. *State ex rel. Campbell v. Township of Delavan*, 210 Wis. 2d 239, 256, 565 N.W.2d 209 (Ct. App. 1997).

¶ 23. Numerous Wisconsin courts, including this one, have held that adult children lack standing to recover for loss of society and companionship in medical malpractice cases. *Ziulkowski*, 210 Wis. 2d at 100; *In re Wells v. Mt. Sinai Med. Ctr.*, 183 Wis. 2d 667, 677, 515 N.W.2d 705 (1994); *Dziadosz v. Zirneski*, 177 Wis. 2d 59, 61, 501 N.W.2d 828 (Ct. App. 1993). Petitioners argue that these cases predate the enactment of Wis. Stat. § 893.55(4)(f), and therefore have no bearing on the statute, which supersedes the interpretations found in the case law. However, because § 893.55(4)(f) did not explicitly modify the interpretations found in previous case law, adult children still cannot recover for loss of society and companionship in medical malpractice cases. Furthermore, in 1999, the court of appeals reaffirmed that adult children lack standing to recover for the loss of society and companionship of a parent in medical malpractice cases. *Conant v. Physicians Plus Med. Group, Inc.*, 229 Wis. 2d 271, 277, 600 N.W.2d 21 (Ct. App. 1999). The interpretation of who may recover for loss of society and companionship in medical malpractice cases arose after the enactment of

Wis. Stat. § 893.55(4)(f). We agree with that interpretation.

¶ 24. Our construction of Wis. Stat. § 893.55(4) is also supported by legislative history, which is properly subject to judicial notice. *Strykowski*, 81 Wis. 2d at 504–05 (citing *Nekoosa-Edwards Paper Co. v. Public Serv. Comm.*, 8 Wis. 2d 582, 590, 591, 99 N.W.2d 821 (1959)). 1995 Wis. Act 10, the act creating Wis. Stat. § 893.55(4)(f), established the maximum amount a claimant may recover for noneconomic damages in a medical malpractice case. Furthermore, the introduction to the act stated that the statutory changes and enactments made by 1995 Wis. Act 10 related to "limiting medical malpractice noneconomic damage awards. . . ." Introduction to 1995 Wis. Act 10. There was no evidence in the drafting record that points to a legislative intent to broaden the classification of claimants entitled to recover for the loss of society and companionship in medical malpractice cases. This classification has been governed solely by Wis. Stat. § 655.007. Because the legislature did not make any changes to § 655.007,[14] and because the legislature is

---

[14] Senate Substitute Amendment 1 to 1997 Senate Bill 148, which was rejected, proposed that Wis. Stat. § 655.007 be amended to state, in part, that "any patient or the patient's representative having a claim or any spouse, parent, sibling or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter. In this section, "child" means an adult or minor child." The amendment of § 655.007 that passed both houses and was signed into law stated, in pertinent part, that "any patient or the patient's representative having a claim or any spouse, parent, minor sibling or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter." Wis. Stat. § 655.007 (1997–1998). This is at least some evidence that the legislature specifically declined to include adult children in

presumed to know that Wisconsin courts have established that adult children cannot recover for loss of society and companionship in medical malpractice cases, *see Ziulkowski*, 210 Wis. 2d at 104, we find that the legislative intent in creating Wis. Stat. § 893.55(4)(f) was to limit noneconomic damage awards in medical malpractice suits. There is no evidence of any legislative intent to broaden the classification of claimants entitled to recover in such suits to include adult children.

¶ 25. Petitioners argue that the real purpose in enacting Wis. Stat. § 893.55(4)(f) was to make the treatment of medical malpractice claims and other tort actions uniform. They support this proposition by citing several prepared statements from members of the medical and insurance communities who testified in favor of amending Wis. Stat. ch. 655 to create a system that would treat medical malpractice death cases the same as actions under the wrongful death act. The Petitioners, however, fail to discuss the context in which such testimony was presented. When examining a particular phrase in a statute, a court must look at the phrase in light of the entire statute. *Elliott v. Employers Mut. Cas. Co.*, 176 Wis. 2d 410, 414, 500 N.W.2d 397 (Ct. App. 1993). Likewise, it only follows that a particular statement in prepared testimony should be examined in light of the entire prepared statement. When the prepared statements cited by the Petitioners are viewed in their entirety, it is clear that support for the bill from the medical and insurance communities arose because the language of the bill was going to clearly reduce the maximum award of noneconomic damages allowed in medical malpractice

---

the class of claimants that could recover for medical malpractice.

cases. Those members of the medical and insurance communities that were cited by Petitioners deemed the reduction of noneconomic awards in medical malpractice cases necessary in order to reduce malpractice premiums and to improve access to health care services across the state. To interpret Wis. Stat. § 893.55(4)(f) as broadening the class of claimants entitled to bring claims for damages in medical malpractice cases would only increase the burden on the medical and insurance communities, an outcome that they likely would not support.

## III.

¶ 26. The second issue raised by Petitioners is based on the Equal Protection Clause of the Wisconsin Constitution. They argue that if this court would find Wis. Stat. § 893.55(4)(f) not to include adult children in the classification of claimants that could recover for loss of society and companionship in medical malpractice death cases, then the statute would be in violation of art. I, § 1 of the Wisconsin Constitution—the equal protection provision. We conclude that this claim has no merit. Although § 893.55(4)(f) creates separate classifications for both tortfeasors and tort victims, these classifications do not violate equal protection.

¶ 27. This court starts with the presumption that a statute is constitutional and will continue to preserve a statute's constitutionality if there is a reasonable basis for the exercise of legislative power. *Miller v. Kretz*, 191 Wis. 2d 573, 578, 531 N.W.2d 93 (Ct. App. 1995). This court will "uphold a statute under an equal protection analysis '[i]f a rational basis exists to support the classification, unless the statute impinges on a fundamental right or creates a classification based on a suspect criterion.'" *Id.* at 579. The Petitioners must

prove that the statute is unconstitutional beyond a reasonable doubt. *Id.* at 578.

¶ 28. We have previously held that Wis. Stat. ch. 655 does not deny any fundamental right. *Strykowski,* 81 Wis. 2d at 507. We presently find no reason to overturn this determination. Similarly, a suspect class is one that involves "immutable personal characteristics or historical patterns of discrimination and political powerlessness."[15] *Id.* The different classes of tortfeasors and tort victims that would be created under our interpretation of § 893.55(4)(f) consist of medical personnel who would be immune from the higher damage awards recoverable under other tort actions, creating a non-favored class of non-medical personnel, and a non-favored class of adult children that could not recover for loss of society and companionship when a parent dies as a result of medical malpractice. We find that these non-favored classes do not have immutable personal characteristics and have not experienced a historical pattern of discrimination and political powerlessness. Therefore, § 893.55(4)(f) does not create a classification that would be based on suspect criterion. Because § 893.55(4)(f) is not based on a fundamental right and does not involve a suspect class, we use the rational basis standard of review.

¶ 29. In applying the rational basis standard to equal protection challenges, this court is not concerned with the wisdom or correctness of the legislative determination. *Strykowski,* 81 Wis. 2d at 508. Rather, we determine only whether there was a reasonable basis upon which the legislature enacted Wis. Stat.

---

[15] Examples of suspect criterion include race, alienage, or nationality. *Miller v. Kretz,* 191 Wis. 2d 573, 579 n.5, 531 N.W.2d 93 (Ct. App. 1995).

§ 893.55(4)(f). *See id.* A statute that is based on classifications must meet five criteria for reasonableness:

(1) All classifications must be based upon substantial distinctions which make one class really different from another.

(2) The classification adopted must be germane to the purpose of the law.

(3) The classification must not be based upon existing circumstances only and must not be so constituted as to preclude addition to the numbers included within a class.

(4) To whatever class a law may apply, it must apply equally to each member thereof.

(5) The characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.

*Id.* at 509 n.8.

¶ 30. Petitioners' equal protection argument has two parts. First, medical personnel, as tortfeasors, would be immune from claims brought by adult children of parents who died as a result of medical malpractice. Medical personnel would have immunity from damage awards for loss of society and companionship while other non-medical personnel would not. Second, under the Respondents' interpretation of § 893.55(4)(f), adult children of parents who died as a result of medical malpractice would not be given the same opportunity to recover damages for loss of society and companionship as would minor children in the same circumstance. However, this court has already held that medical malpractice actions are substantially

335

distinct from other tort actions when it upheld the constitutionality of Wis. Stat. ch. 655. *Strykowski*, 81 Wis. 2d at 509.

¶ 31. Because medical malpractice actions are substantially distinct from other tort actions, it is reasonable to conclude that the legislature has the constitutional authority to determine which classifications of persons are eligible to pursue a medical malpractice claim. Possible justifications for the statutory limit on the ability of adult children to recover for loss of society and companionship when a parent dies as a result of medical malpractice include the prevention of, *inter alia*, a sudden increase in the number of malpractice suits, increased medical costs or decreased accessibility to health care. *Strykowski*, 81 Wis. 2d at 508. Furthermore, the distinction between adult children and minor children could be "the different degree of dependenc[y] which each would be presumed to have on their parents for their continued financial and emotional support." *Harris*, 70 Wis. 2d at 252. Minor children rely much more heavily on their parents for financial and emotional support than do adult children, and this difference is substantial. *Id.* at 252–53. Faced with the need to draw the line on who can collect for loss of society and companionship, we follow the view established by this, and other Wisconsin courts, that the availability of claims for loss of society and companionship should be limited to those who would suffer most severely from the loss of an intimate family relationship; adult children cannot be included in this classification. *See Conant*, 229 Wis. 2d at 276–77; *Rineck*, 155 Wis. 2d at 662; *Theama v. City of Kenosha*, 117 Wis. 2d 508, 515, 344 N.W.2d 513 (1984). Further possible justifications for treating medical personnel differently than non-medical personnel could follow

similar policy reasoning, such as the prevention of increased health care costs, decreased health care services or physicians curtailing their practices. *Strykowski*, 81 Wis. 2d at 508. As the *Miller* court has articulated, "[t]he public has an important interest in the quality of health care, and the legislature's efforts to promote that interest cannot be said to be unreasonable."[16] 191 Wis. 2d at 585. Thus, Wis. Stat. § 893.55(4)(f) satisfies the five criteria of reasonableness.

¶ 32. For the foregoing reasons, the classifications of tortfeasors and tort victims are not arbitrary or irrational, but are based on reasonable and rational criteria. Therefore, the Petitioners' equal protection argument must fail.

## IV.

¶ 33. We hold that an adult child lacks standing to recover for loss of society and companionship in a wrongful death case involving medical malpractice. The language of Wis. Stat. § 893.55(4)(f), along with legislative history, shows that the classification of claimants entitled to bring a wrongful death suit for medical malpractice was not expanded to include adult children, and is limited to the classification of claimants enumerated in Wis. Stat. § 655.007. Further, we hold that Wis. Stat. § 893.55(4)(f) does not violate the Equal Protection Clause of the Wisconsin Constitution. Accordingly, the circuit court decision is affirmed.

---

[16] As stated earlier, this court is not concerned with the wisdom or correctness of a legislative determination. *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 508, 261 N.W.2d 434 (1978).

*By the Court.*—The judgment of the circuit court is affirmed.