SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶50 The majority contravenes (1) the court's duty to undertake a mandatory harmless error analysis; (2) the statute's text; (3) the statutory history; (4) the legislative history; and (5) the meaning of "plain legal duty."
¶51 First, the majority does not undertake a mandatory harmless error analysis as required by our case law. See State v. Reyes Fuerte, 2017 WI 104, ¶ 31-33, 378 Wis. 2d 504, 904 N.W.2d 773 (justifying requiring the application of harmless error analysis to *392 a statutory violation because the harmless error statute predated the statute that was violated).[1] *133 ¶52 No one court of appeals district is more fair than any other, and when the state is the appellant, it does not appear that any one court of appeals district is more convenient than any other. Where, then, is the harm that justifies an expensive appeal in the instant case paid for by taxpayers when District IV is just as fair and arguably more convenient for the DNR than District II?
¶53 This court is barred from picking and choosing when it will engage in a mandatory harmless error analysis and when it will not. The court has explicitly declared that harmless error "is an injunction on the courts, which, if applicable, the courts are required to address"[2] and is mandatory for violations of statutes that were passed after 1897.[3] The majority offers no explanation for failing to engage in a harmless error analysis in the instant case.
¶54 Second, the majority's statutory interpretation is contrary to the statute's text. "When the same term is used throughout a chapter of the statutes, it is a reasonable deduction that the legislature intended that the term possess an identical meaning each time it appears."
*393 Bank Mut. v. S.J. Boyer Const., Inc., 2010 WI 74, ¶ 31, 326 Wis. 2d 521, 785 N.W.2d 462. The phrase "designated by the plaintiff" appears twice in Wis. Stat. § 801.50. In § 801.50(2)(d), the phrase appears in order to indicate that if none of the situations outlined in § 801.50(2)(a)-(c) applies directing venue to a particular county, "venue shall be in any county designated by the plaintiff." In § 801.50(2)(d), the phrase "designated by the plaintiff" clearly contemplates a choice being made by the plaintiff. The phrase should be given the same meaning in § 801.50(2)(d)[4] and § 801.50(3)(a).[5]
¶55 Third, the majority opinion is contrary to the statutory history of Wis. Stat. § 801.50(3). In 2011, the statute was amended to change the default venue for actions in which the sole defendant is the state from Dane County to the venue "designated by the plaintiff." However, the amended statute retained the language "unless another venue is specifically authorized by law," a phrase that appeared in the prior statute. Wis. Stat. § 801.50(3) (2009-10) ("All actions in which the sole defendant is the state ... shall be venued in Dane County unless another venue is specifically authorized by law.").
¶56 Prior to the amendment, the phrase "unless another venue is specifically authorized by law" operated to direct Chapter 227 actions in which the state was the sole defendant to be venued in Dane County unless some other statute directed venue to be elsewhere.
*394 [6] The majority flips the "unless" clause in Wis. Stat. § 801.50(3)(a) on its head. Now, according to the majority, a plaintiff may designate the venue even if a particular venue is mandated by statute, and the "unless" clause means that there can be a lawful venue change after the case is filed.
*134 ¶57 The majority claims that the analysis of the statutory history set forth above ignores "the significant structural changes wrought by Act 61." Majority op., ¶38 n.16. The "significant structural changes" are of the court's own making, not the legislature's. Did the legislature intend, by changing "shall be venued in Dane County" to "shall be venued in the county designated by the plaintiff" in Wis. Stat. § 801.50(3), to establish a framework wherein a plaintiff will practically never have a choice of venue,[7] but appellants will almost always have a choice of venue? This result appears absurd.
¶58 It is much more likely that the legislature did not intend to create such a lopsided framework and instead intended to create a framework wherein an appellant's ability to choose the venue is necessarily tied to the plaintiff's having a choice of venue at the trial court level. Interpreting Wis. Stat. § 801.50(3)(a) to entail a choice of venue by a plaintiff accomplishes two objectives: First, it avoids the absurd framework that the court now establishes. Second, it does not *395 disturb the meaning of the "unless" clause, which was not altered by the legislature's amendment.
¶59 Fourth, the majority opinion is contrary to the statute's legislative history. The Legislative Reference Bureau's analysis of 2011 S.B. 117, a document distributed to all legislators, explained that the bill "permitted" plaintiffs to designate the county within which to bring an action. The use of the word "permit" is telling. The word "permits" contemplates a choice. How can the Administrative Petitioners be said to have been "permitted" to designate venue when by operation of Wis. Stat. § 227.53(1)(a)3., the Administrative Petitioners had but one choice-file their respective petitions in the county in which they reside? The legislative history reflects a reciprocity of choice between a plaintiff and an appellant such that only if a plaintiff is allowed to choose venue in the circuit court will an appellant be allowed to choose venue on appeal.
¶60 The Fiscal Estimate Narrative for 2011 S.B. 117, another document circulated to all lawmakers, explicitly described the operation of the bill as allowing plaintiffs to choose their venue under the statute.
¶61 The majority faults a court's reliance on documents such as the Legislative Reference Bureau's analysis of the bill and the Fiscal Estimate Narrative, suggesting that nobody has the slightest idea what impact these documents had on individual legislators and casting doubt on whether anyone reads the documents.
¶62 Co-equal branches of government owe respect to each other.[8] I do not join *135 the majority in *396 belittling the legislative branch, disparagingly portraying legislators as having little if any knowledge about the laws they enact.
¶63 At a minimum, a court should presume that legislators are aware of the explanatory material the Legislative Reference Bureau must set forth in each bill.[9] The legislature requires the Legislative Reference Bureau to draft the language of each and every bill to be introduced in the legislature and generate explanatory material for each bill in plain English, explaining the bill's impact and effect.[10] Although explanatory material in a bill is not dispositive in a court's interpretation of a statute, the explanatory material required to be available to all legislators has been relied upon by this court in statutory interpretation.
*397 The interpretation of a statute in the explanatory note prepared by the legislative staff that drafted the text of the statute should not, in every instance, be totally ignored by a court.[11]
¶64 Fifth and finally, the majority errs in its discussion of "plain legal duty." Quoting State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶ 22, 271 Wis. 2d 633, 681 N.W.2d 110, the majority acknowledges that "[a] plain duty is one that is 'clear and unequivocal and, under the facts, the responsibility to act [is] imperative.' " Majority op., ¶11. The majority then concludes that "clear and unequivocal" and "the responsibility to act is imperative" do "not require the duty to be settled or obvious," quoting Madison Metropolitan School District v. Circuit Court for Dane County, 2011 WI 72, ¶ 84, 336 Wis. 2d 95, 800 N.W.2d 442.[12] Majority op., ¶11. The majority and Madison Metropolitan School District 's defining of "plain duty" in this way is not supported by the case law. In State ex rel. Two Unnamed Petitioners v. Peterson, the court reaffirmed that the obligation of a judge to correctly apply the law "is not the type of plain legal duty contemplated by the supervisory writ procedure." 2015 WI 85, ¶ 81, 363 Wis. 2d 1, 866 N.W.2d 165. The Two Unnamed Petitioners court declared that for a duty to be plain, clear, and unequivocal, it must *398 also be settled and obvious. Id., ¶ 81 (quoting Kalal, 271 Wis. 2d 633, ¶ 24, 681 N.W.2d 110 ). To hold otherwise "would extend supervisory jurisdiction to a virtually unlimited range of decisions involving the finding of facts and application of law." Kalal, 271 Wis. 2d 633, ¶ 24, 681 N.W.2d 110. How can the majority square this language from Kalal, which was reaffirmed in Two Unnamed Petitioners, with Madison Metropolitan School District? I do not think it can.
¶65 For these reasons, I dissent.
¶66 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissenting opinion.

See also State v. Reyes Fuerte, 2017 WI 104, ¶¶ 57-58, 378 Wis. 2d 504, 904 N.W.2d 773 (Abrahamson, J., dissenting) ("Apparently, hereafter, every statute enacted and every case decided after 1897 is subject to a mandatory harmless error analysis...."); State v. Harvey, 2002 WI 93, ¶ 47 n.12, 254 Wis. 2d 442, 647 N.W.2d 189 (citing Wis. Stat. § 805.18(2) and concluding: "The harmless error rule, however, is an injunction on the courts, which, if applicable, the courts are required to address regardless of whether the parties do.").

Harvey, 254 Wis. 2d 442, ¶ 47 n.12, 647 N.W.2d 189.

Reyes Fuerte, 378 Wis. 2d 504, ¶ 31-33, 904 N.W.2d 773.

"If the provisions under par. (a) to (c) do not apply, then venue shall be in any county designated by the plaintiff."

"Except as provided in pars. (b) and (c), all actions in which the sole defendant is the state ... shall be venued in the county designated by the plaintiff unless another venue is specifically authorized by law."

For example, Wis. Stat. § 227.53(1)(a)3. provides: "If the petitioner is a resident, the proceedings shall be held in the circuit court for the county where the petitioner resides...."

A review of the Wisconsin Statutes reveals that in many situations a statute directs that venue be in a particular county. See, e.g., Wis. Stat. §§ 801.50(2), 801.50(3)(b), 801.50(3)(c), 227.40(1).

Courts presume that the legislature respects the work of the courts. Thus, this court presumes that the legislature is aware of existing case law when it passes legislation, Czapinski v. St. Francis Hosp., Inc., 2000 WI 80, ¶ 22, 236 Wis. 2d 316, 613 N.W.2d 120 ("[T]he legislature is presumed to act with knowledge of the existing case law.").
This court respects the work of the legislature. A judicial construction of a statute is entitled to more weight when the legislature has not acted to change that judicial construction, Estate of Miller v. Storey, 2017 WI 99, ¶ 52, 378 Wis. 2d 358, 903 N.W.2d 759 (upholding a judicial interpretation of a statute because "the legislature had ample opportunity to act on or repeal the judicial interpretation of [a statute] ... [b]ut the legislature did not act on or repeal the interpreted language").
It is, of course, one of the judicial branch's legal fictions to declare that the legislature is aware of existing case law when enacting legislation. The court itself may not always be aware of its own existing case law when it decides a case.

The Legislative Reference Bureau is required to prepare Prefatory Notes (Analysis to Bills) for each bill. Wis. Stat. § 13.92(1)(b)2. For a description of the work of the Bureau, see Wisconsin Legislative Reference Bureau, Bill Drafting Manual 2017-2018, ch. 4.

Wis. Stat. §§ 13.92(1)(b)1., 13.92(1)(b)2.

See State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶ 69, 271 Wis. 2d 633, 681 N.W.2d 110 (Abrahamson, J., concurring) (positing a non-exhaustive list of various forms of history that have been helpful to courts in interpreting statutes).

" '[C]lear and unequivocal' does not require the duty to be settled or obvious. There may be a plain duty even when it involves 'a novel question of law requiring harmonization of several statutory provisions.' " Majority op., ¶11 (citation omitted).