HERITAGE FARMS, INC., Audrey Bunchkowski, Russell Bunchkowski, Ruth Dutcher, Howard Dutcher, Sally Freitag, Amy Holzwart, James Holzwart, Kathleen Khin, Glenwood Zellmer, Daryl Lloyd, Donald Lloyd, Judy Maas, Jeffrey Maas, Carolyn Mueller, Lois Rucich, George Rucich, Donna Semrow, Harland Semrow, Beverly Singer, Norman A. Singer Trust, Joan Singer, Gordon Singer, Singer Living Trust, Inga Stoellinger, Otto Stoellinger, Catherine Swanton, Swanton Family Trust, Christine Toliver, Alan Toliver, Krista Zimmer and Norman Zimmer, Plaintiffs-Appellants,†

HARTFORD INSURANCE COMPANY OF the MIDWEST, Auto-Owners Insurance Company, Safeco Insurance Company of America and Acuity, a mutual insurance company, Involuntary-Plaintiffs,

v.

MARKEL INSURANCE COMPANY, J.J.J. Recreation Corporation d/b/a Lake of the Woods Campground, American Family Mutual Insurance Company and Jeffrey Knaack, Defendants-Respondents.

† Petition to review granted 7/28/08.

Ted Schwochert, Paul B. Schwochert, Helen
Schwochert and Sue Schroeder,
Plaintiffs-Appellants,

v.

Markel Insurance Company, J.J.J. Recreation
Corporation d/b/a Lake of the Woods
Campground, American Family Mutual Insurance
Company and Jeffrey Knaack,
Defendants-Respondents.

Wisconsin Department of Natural Resources,
Plaintiff,

v.

Markel Insurance Company,
J.J.J. Recreation Corporation d/b/a Lake
of the Woods Campground, American Family
Mutual Insurance Company and Jeffrey Knaack,
Defendants.

Court of Appeals

*No. 2007AP983. Submitted on briefs December 7, 2007.
—Decided February 28, 2008.*

2008 WI App 46

(Also reported in 747 N.W.2d 762.)

On behalf of the plaintiffs-appellants, Heritage Farms, the cause was submitted on the briefs of *Mark L. Thomsen* and *Charles David Schmidt* of *Cannon & Dunphy, S.C.*, Brookfield, and *Clay R. Dutcher* of *Dutcher Law Office, L.L.C.*, Wautoma.

On behalf of the plaintiffs-appellants, Schochert, the cause was submitted on the briefs of *George W. Curtis* and *Brian P. Beisenstein* of *Curtis Law Office*, Oshkosh.

On behalf of the defendants-respondents, Markel Insurance Company, J.J.J. Recreation Corporation d/b/a Lake of the Woods Campground, and Jeffrey Knaack, the cause was submitted on the brief of *John V. McCoy* and *Daniel J. Meunier* of *McCoy & Hofbauer, S.C.*, Waukesha.

Before Higginbotham, P.J., Vergeront and Lundsten, JJ.

¶ 1. VERGERONT, J. In this action Heritage Farms, Inc. and other plaintiffs seek damages resulting from a fire that began on Lake of the Woods Campground and spread to their properties.[1] The dispositive issue on this appeal is whether WIS. STAT. § 26.21(1) (2005–06),[2] which provides for double damages and reasonable attorney fees, applies in this case. We agree with the circuit court that the statute applies only to railroad corporations and therefore does not apply in this case. Accordingly, we affirm the circuit court's order granting summary judgment in favor of the defendants on this issue, its order denying reconsideration, and the judgment entered on the verdict.

## BACKGROUND

¶ 2. The following facts are not disputed for purposes of this appeal. Jeffery Knaack started a fire on Lake of the Woods Campground property that spread to become a large forest fire. The surrounding property owners filed complaints claiming negligence, trespass, nuisance and seeking, among other relief, double damages and attorney fees under WIS. STAT. § 26.21(1). This statute provides:

> **Civil liability for forest fires.** (1) In addition to the penalties provided in s. 26.20, the United States, the state, the county or private owners, whose property is

[1] There are three consolidated cases, but the identity of the numerous plaintiffs is not relevant to this appeal. We therefore refer to all the plaintiffs who are appellants on this appeal as "Heritage Farms." Similarly, it is not necessary to distinguish among the defendants and we therefore refer to them collectively as "defendants."

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

injured or destroyed by forest fires, may recover, in a civil action, double the amount of damages suffered, if the fires occurred through willfulness, malice or negligence. In a civil action, a court may award reasonable costs for legal representation to provide owners recovering damages under this subsection.

¶ 3. The defendants moved for summary judgment, requesting that the court dismiss the request for relief under Wis. Stat. § 26.21(1) because it applies only to railroad corporations. The circuit court agreed and entered an order dismissing the request for relief pursuant to that section. After a four-week jury trial, the jury returned a verdict in favor of Heritage Farms and the other plaintiffs, awarding a total $568,422 in compensatory damages. They moved for reconsideration of the court's ruling on the inapplicability of § 26.21(1), and the court denied the motion. The court entered judgment on the verdict, plus costs and interest.

## DISCUSSION

¶ 4. On appeal Heritage Farms renews its argument that Wis. Stat. § 26.21(1) is not limited to railroad corporations and applies in this case. We review the grant or denial of summary judgment de novo, and use the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Where as here, there are no genuine issues of material fact, summary judgment is awarded to the party who is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2).

¶ 5. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially

defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If, employing these principles, we conclude the statutory language has a plain meaning, then we apply the statute according to that plain meaning. *Id.*, ¶ 46. If, on the other hand, we conclude the statutory language is ambiguous—that is, capable of more than one reasonable meaning—then we may consult extrinsic sources, typically legislative history, to resolve the ambiguity. *Id.*, ¶¶ 47, 50.

¶ 6. Turning to the language of Wis. Stat. § 26.21(1), we see that it does not specify against what entity or persons the property owners may recover. This is the crux of Heritage Farms' argument that the plain language of this section does not limit its applicability to railroad corporations or to any other class of tortfeasors. However, § 26.21(1) begins with the phrase "[i]n addition to the penalties provided in s. 26.20," and this phrase therefore must be part of our analysis of the statutory language. Wisconsin Stat. § 26.20 is entitled "Fire protection devices" and it imposes various fire prevention measures on locomotives and the operations of railroads. Section 26.20(2)-(8). Section 26.20(10) provides for an appeal to the commissioner of railroads if there is a dispute over how to comply with certain of the requirements.[3] Section 26.20(9), entitled "Penalty," provides:

---

[3] Wisconsin Stat. § 26.20(2)-(8) and (10) provides in part:

**(9)** PENALTY. (a) Any corporation, by its officers, agents, or employees, violating this section, shall forfeit not more than $500.

**Fire protection devices.** **(2)** SPARK ARRESTERS ON LOCOMOTIVES. All road locomotives operated on any railroad shall be equipped with spark arresters that meet or exceed minimum performance and maintenance standards enumerated by the department . . . .

**(3)** LOCOMOTIVE INSPECTOR; POWERS. Any locomotive inspector designated by the department shall have the power to reject from service immediately any locomotive, donkey, traction, or portable engine which, in the opinion of the inspector, is deficient in adequate design, construction, or maintenance of the fire protective devices designated in sub. (2), and any such locomotive, donkey, traction, or portable engine so rejected from service shall not be returned to service until such defects have been remedied to the satisfaction of the locomotive inspector . . . .

**(4)** CLEARING RIGHT-OF-WAY. (a) Every corporation maintaining and operating a railway shall, at least once in each year, and within 10 days when requested by the department in writing, cut and burn or remove from its right-of-way all grass and weeds and burn or remove from its right-of-way all brush, logs, refuse material, and debris within a reasonable time, and whenever fires are set for such purpose, shall prevent the escape of the fire from the right-of-way . . . .

(b) The department may periodically require every corporation operating a railway to remove combustible materials from designated right-of-way or portions of a right-of-way, and lands adjacent to the right-of-way . . . .

**(5)** COMBUSTIBLE DEPOSITS ON TRACK. No such corporation shall permit its employees to deposit fire, live coals, or ashes upon their tracks outside of the yard limits, except they be immediately extinguished.

**(6)** REPORTS AND MEASURES FOR PREVENTION OF FIRES. (a) Conductors or individuals in charge of a train who discover that their train is causing fires along or adjacent to the right-of-way shall immediately report the fires to the nearest railway division point or district office . . . .

(b) Any forest ranger, conservation warden, sheriff or other duly appointed authority may, in the performance of official duties, require any train causing fires or suspected of causing fires to stop

(b) Any corporation, by its officers, agents or employees, willfully violating this section shall be fined not more than $1,000.

(c) Any conductor, individual in charge of a train or officer, agent or employee of a railway who violates this section shall forfeit not more than $500.

██

¶ 7. Thus, when WIS. STAT. § 26.21(1) is read together with WIS. STAT. § 26.20, as the plain language of § 26.21(1) requires, it provides for civil liability in addition to the forfeitures, or penalties, provided for in § 26.20(9). Heritage Farms argues that the phrase "[a]ny corporation, by its officers, agents or employees" in § 26.20(9)(a) and (b) means that the penalties in subsec. (9) are not limited to railroads but apply to all corporations. This is not a reasonable reading of subsec. (9) because the penalties in paras. (9)(a), (b) and (c) are

---

within a safe distance from the fires to avoid further· setting or spread of fire.

**(7)** FIRE PATROL. All corporations maintaining and operating a railway, during a dangerously dry season, and when so directed by the department, shall provide fire patrols for duty along their tracks . . . .

**(8)** INSPECTION AND ENTRY. The department may inspect or cause to be inspected any locomotive, donkey, or threshing engine, railway locomotive, and all other engines, boilers, and locomotives operated in, through or near forest, brush, or grass land and enter upon any property for such purpose, or where it deems it necessary in order to see that this section is duly complied with.

. . . .

**(10)** APPEAL TO OFFICE OF THE COMMISSIONER OF RAILROADS. In case the department and any person operating any locomotive, donkey, or threshing engine, or any engine, boiler, or locomotive cannot agree as to the most practicable device or devices for preventing the escape of sparks, cinders, or fire from smokestacks, ash pans or fire boxes, then the same shall be determined by the office of the commissioner of railroads.

imposed only for violating "this section." "This section" plainly means § 26.20, which applies only to railroad corporations.

¶ 8. Heritage Farms also argues that the introductory phrase in WIS. STAT. § 26.21(1) is intended to clarify that a list of penalties somewhere else in the chapter does not supplant the "broader" remedies in § 26.21(1). However, such a construction overlooks the fact that the introductory phrase in § 26.21(1) does not refer to penalties or remedies found throughout the chapter, but only to penalties in WIS. STAT. § 26.20, which concern only railroad corporations.

¶ 9. Notably, another section, WIS. STAT. § 26.14, sets forth a number of penalties for "any person who sets a fire or assists in setting a fire," § 26.14(5)-(7), and for "any person who intentionally sets fire to the land of another or to a marsh." Section 26.14(8). Section 26.14(9), in addition, specifically addresses liability for damages and certain expenses:

**Forest fires, authority of firefighters, compensation, penalties, civil liability.**

. . . .

**(9)** (a) Nothing in this chapter shall be construed as affecting the right to damages. The liability of persons for damages is not limited to the destruction of merchantable timber but may also include the value of young or immature forest growth.

(b) Any person who sets a fire on any land and allows such fire to escape and become a forest fire shall be liable for all expenses incurred in the suppression of the fire by the state or town in which the fire occurred. An action under this paragraph shall be commenced within the time provided by s. 893.91 or be barred.

226

¶ 10. We can see no reason why the legislature would refer in the introductory phrase of Wis. Stat. § 26.21(1) only to Wis. Stat. § 26.20 and not to Wis. Stat. § 26.14 if the legislature intended, as Heritage Farms contends, that the remedies in § 26.21(1) supplement the penalties and remedies in § 26.14 as well as those in § 26.20.

¶ 11. We do not agree with Heritage Farms that the introductory phrase in Wis. Stat. § 26.21(1) is "akin" to Wis. Stat. § 26.14(9)(a), with both intending to clarify that a list of penalties somewhere else in Wis. Stat. ch. 26 does not supplant broader remedies. Section 26.14(9)(a) expressly refers to the entire chapter by stating that *"[n]othing in this chapter* shall be construed as affecting the right to damages." (Emphasis added.) In contrast, § 26.21(1) expressly refers only to Wis. Stat. § 26.20.

¶ 12. Heritage Farms makes two additional arguments that we do not find persuasive.[4] First, we do not

---

[4] We agree with Heritage Farms that the fact that the only cases addressing Wis. Stat. § 26.21(1) involve railroad corporations does not mean that this section applies only to them. These cases are: *Bonnell v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 158 Wis. 153, 147 N.W. 1046 (1914); *Town of Howard v. Soo Line R.R. Co.*, 63 Wis. 2d 500, 217 N.W.2d 329 (1974); and *Allenton Volunteer Fire Dep't v. Soo Line R.R. Co.*, 372 F. Supp. 422 (E.D. Wis. 1974). Because the defendants in theses cases are railroad corporations, there is no issue in them whether § 26.21(1) applies to other categories of tortfeasors. Thus, while it may be possible to read isolated language in these cases as supporting the proposition that the section applies only to railroad corporations, we do not view these cases as helpful in resolving the issue of statutory construction in this case. Although in this footnote we have referred to § 26.21(1) with reference to these cases, we note that 1977 Wis. Laws, ch. 29, § 448u created § 26.21(1) and (2) from what was previously § 26.21.

agree that *Czapinski v. St. Francis Hosp., Inc.*, 2000 WI 80, ¶ 21, 236 Wis. 2d 316, 613 N.W.2d 120, supports Heritage Farms' proposed construction of WIS. STAT. § 26.21(1). In that case the court applied principles of statutory construction to two statutes that are entirely different from those at issue in this case and determined, based on "statutory language . . . legislative history and precedent," the legislative intent with respect to those statutes.[5] *Id.*, ¶ 13. The *Czapinski* court did not establish a general rule for construing a specific type of statute, as Heritage Farms contends. More specifically, the *Czapinski* court did not, to use Heritage

---

[5] The two statutes at issue in *Czapinski v. St. Francis Hosp., Inc.*, 2000 WI 80, ¶ 21, 236 Wis. 2d 316, 613 N.W.2d 120, were WIS. STAT. § 893.55(4)(f) (1995–96) and WIS. STAT. § 895.04(4) (1995–96). Section 893.55(4)(f) provided:

> (f) Notwithstanding the limits on noneconomic damages under this subsection, damages recoverable against health care providers . . . acting within the scope of his or her employment and providing health care services, for wrongful death are subject to the limit under s. 895.04 (4) . . . .

WISCONSIN STAT. § 895.04(4) provided:

> (4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $150,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased.

The *Czapinski* court rejected the argument that WIS. STAT. § 893.55(4)(f) "expand[ed] the classification of claimants entitled to recover for loss of society and companionship in the wrongful death of a parent caused by medical malpractice to include adult children." 236 Wis. 2d 316, ¶ 13. It concluded instead that "the intent of the legislature was to make applicable to medical malpractice death cases only the Wis. Stat. § 895.04(4) limit on damages, and not to incorporate the wrongful death classification of claimants entitled to bring such an action." *Id.* (footnote omitted).

Farms' words, hold that "when a statute references only a list of recoverable damages set forth in a second statute, it incorporates only the list of recoverable damages, regardless of whether the second statute also includes a list of tortfeasors from whom those damages may be recovered."

¶ 13.   Second, Heritage Farms argues that it is unreasonable to construe Wis. Stat. § 26.21(1) as applying only to railroad corporations because Wis. Stat. § 26.09(2)(a), (3)(b)2, and (4) provide for double damages, or more, and attorney fees against all tortfeasors who harvest raw forest products without the owner's consent.[6] It is evident from the statutory language of

---

[6] Wisconsin Stat. § 26.09(2)-(4) provide in part:

(2) Persons entitled to sue; exception. (a) In addition to any other enforcement action that may be taken and subject to par. (b), an owner of raw forest products that were harvested without the consent of the owner may bring a civil action against the person who harvested the raw forest products to recover the damages caused by the harvesting . . . .

(b) An owner may not recover damages under this subsection if the person harvesting the raw forest products or the person giving consent for the harvesting reasonably relied on a written agreement among adjacent owners, or their agents, that the owner giving consent to harvest has the authority to do so even if after the harvesting it is determined that the owner giving the consent did not have such authority, but only if the harvesting is from land owned by an owner who is a party to the agreement.

(3) Damages. (a) A person against whom an action is brought as provided in sub. (2) is liable for the applicable damages under par. (b) or (c), subject to sub. (6), and other reasonable and necessary costs under par. (d).

(b) 1. A court shall award damages that equal the stumpage value of the raw forest products harvested if the person harvesting the raw forest products or the person giving consent for the harvesting reasonably relied upon a recorded survey that was done by a person who is registered as a land surveyor or who is issued

§ 26.09 that the legislature has chosen to address in great detail the various fact situations that might lead to harvesting raw forest products without the owner's consent and to impose liability and damages beyond compensatory damages according to the degree of carelessness of the harvester. Section 26.09(2)(b), (3)(a)-(c). It is also evident from the statutory language that the legislature has chosen to make the availability of attorney fees in that situation dependent not only upon success in the litigation, but on the unreasonableness of the other party's conduct in pre-litigation settlement.

a permit to practice land surveying under s. 443.06 even if the recorded survey is determined, after the harvesting, to be in error.

2. A court shall award damages that are equal to 2 times the stumpage value of the raw forest products harvested if a recorded survey was not relied upon as specified in subd. 1. but the person harvesting the raw forest products took reasonable precautions in identifying harvesting boundaries.

3. A court shall award damages that are equal to 4 times the stumpage value or 2 times the fair market value of the raw forest products harvested, whichever is greater, if a recorded survey was not relied upon as specified in subd. 1. and the person harvesting the raw forest products did not take reasonable precautions in identifying the harvesting boundaries.

(c) In addition to the award under par. (b), a court shall award the owner of raw forest products that were harvested without the consent of the owner, any economic damages resulting from that harvest.

(d) A court shall award other reasonable and necessary costs, which may include costs for any of the following:

. . . .

(4) LEGAL COSTS. Notwithstanding the limitations under s. 814.04, and in addition to the remedies available under s. 807.01, the court shall award the successful party in a civil action brought under sub. (2) court costs and reasonable attorney fees if the unsuccessful party, before the commencement of the action, unreasonably refused to pay a demand for damages or to accept an offer of payment for damages.

Section 26.09(4). We do not agree that the legislature's policy choices in addressing the concerns of unauthorized cutting of raw forest products make different policy choices with respect to forest fires unreasonable.

¶ 14. We have the same view of the legislature's choice to provide for double damages and attorney fees against railroad corporations that cause forest fires in certain situations, but not against other categories of tortfeasors. One may question that policy choice, but we cannot say it is unreasonable.

¶ 15. We conclude that WIS. STAT. § 26.21(1) plainly does not apply to defendants who are not railroad corporations.[7] We therefore do not address the parties' arguments based on the legislative history of that section. *See Kalal*, 271 Wis. 2d 633, ¶¶ 47, 50 (generally speaking, only if statutory language is ambiguous do we employ sources extrinsic to the statutory text, such as legislative history).

■

¶ 16. We also do not resolve the parties' debate whether we should treat statements in newsletters published by the Department of Natural Resources (DNR) as interpretations of WIS. STAT. § 26.21(1) to which we should give some degree of deference. The statements in the newsletters indicate that members of the public may be liable in a civil action for double damages if fires they start damage property. The defendants contend that DNR has no statutory authority to implement or enforce statutes such as § 26.21(1) that specify the remedies in civil actions, while Heritage Farms argues that DNR has this authority under WIS.

---

[7] Because of this conclusion it is unnecessary for us to address the defendants' arguments that "negligence" in WIS. STAT. § 26.21(1) means "gross negligence."

STAT. § 26.11(1)[8] to interpret and enforce § 26.21(1). We do not resolve this dispute because courts do not defer to an agency construction of a statute that directly contravenes the words of the statute. *Racine Harley-Davidson, Inc. v. Division of Hearings and Appeals*, 2006 WI 86, ¶ 17, 292 Wis. 2d 549, 717 N.W.2d 184. Because we have concluded that the plain language of § 26.21(1) applies only to railroad corporations, we would not defer to any contrary construction by DNR regardless of the scope of its statutory authority.

## CONCLUSION

¶ 17. The circuit court correctly decided that WIS. STAT. § 26.21(1) applies only to railroad corporations and therefore does not apply in this case. Accordingly, we affirm the circuit court's order granting summary judgment in favor of the defendants on this issue, its order denying reconsideration, and the judgment entered on the verdict.

*By the Court.*—Judgment and order affirmed.

---

[8] WISCONSIN STAT. § 26.11(1) provides:

**Forest fires; department jurisdiction; procedure. (1)** The department [DNR] is vested with power, authority, and jurisdiction in all matters relating to the prevention, detection, and suppression of forest fires outside the limits of villages and cities in the state except as provided in s. 26.01 (2), and to do all things necessary in the exercise of such power, authority, and jurisdiction.